SHERIDAN *v.* STATE.

Opinion delivered June 25, 1923.

1. INTOXICATING LIQUORS—BURDEN OF PROOF.—In a prosecution for violating Crawford & Moses' Dig., § 6171, declaring it unlawful to receive for storage, distribution or on consignment for another the liquors mentioned in § 6165, evidence of the discovery of some kind of "home brew" in a house wherein defendant was found was insufficient to sustain a conviction in the absence of proof that the liquor came within the kind enumerated in the statute; the burden being on the State to prove such fact.

2. CRIMINAL LAW—FAILURE OF EVIDENCE TO SUSTAIN VERDICT.— Where the evidence wholly fails to sustain the verdict on a material issue, it is the court's duty to reverse the judgment and remand the cause for a new trial.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; reversed.

*Richard M. Ryan,* for appellant.

The evidence is not sufficient to sustain the verdict. There was only found some "home brew," called beer, in the house where appellant slept, and there was no testimony showing that it contained alcohol. Secs. 6169, 6165, 6171, C. & M. Digest. The court erred in refusing appellant's requested instructions numbered 1, 10, and also in refusing 11a instructing a verdict for appellant.

*J. S. Utley,* Attorney General, *John L. Carter* and *Wm. T. Hammock,* Assistants, for appellee.

Appellant was convicted of violating provisions of § 6171, C. & M. Digest, and the evidence is as strong as in 133 Ark. 85, where a conviction was sustained. No specific objection was made to instruction number 1, complained of. 73 Ark. 315. Instruction No. 1a was properly refused. 54 Ark. 588; 117 Ark. 64; 103 Ark. 70; 100 Ark. 199; 52 Ark. 180. No. error in refusing to give peremptory instruction. No error is refusing requested instruction No. 3a, which is argumentative in form and was not requested till after case had been submitted to the jury. C. & M. Digest, § 3175; 145 Ark. 75.

HART, J. Clarence Sheridan prosecutes this appeal to reverse a judgment of conviction against him for violating § 6171 of Crawford & Moses' Digest. The section reads as follows: "It shall be unlawful for any person, firm, corporation or association to receive for storage, distribution, or on consignment, for another, the liquors mentioned in § 6165 of the act, or any of them, or any other liquors, bitters or drinks prohibited by the laws of this State, to be sold, bartered, or otherwise disposed of in this State."

The liquors mentioned in § 6165 are "any alcoholic, vinous, malt, spirituous, or fermented liquors, or any compound or preparation thereof commonly called tonics, bitters, or medicated liquors."

According to the testimony of the witnesses for the State, Clarence Sheridan was working in a restaurant in Hot Springs, Ark., for Harry Moore. The constable received information that intoxicating liquors were stored in the residence of Harry Moore in Hot Springs, Ark., and sent two of his deputies there to make an investigation. They found the house locked, and then tried to get in through the windows. They finally found a window in the house unlocked, and went in through it. They found Clarence Sheridan on a bed in the house, asleep. They found 75 or 80 pints of beer and a lot of empty bottles there. The empty bottles appeared to have contained some kind of "home brew." On cross-examination one of the witnesses testified that all of the liquor found by them appeared to have been some kind of "home brew." Both of them said that they did not know whether or not the liquor contained any per cent. of alcohol.

The defendant denied having any possession or control over the liquor whatever, and said that he was unwell and had merely been permitted by his employer to sleep in the house that day. His testimony was corroborated by that of Harry Moore, who said that the liquor belonged to him, and that it did not contain any alcohol.

Reliance is placed by the State for a conviction upon the case of *Rogers* v. *State,* 133 Ark. 85. In that case a search was made of Rogers' house, and a quantity of corn liquor and several empty bottles were found. There were also some jugs or containers on the premises. Some of the liquor was found concealed behind the barn, and there were about three dozen bottles which had been cleaned, and a funnel was in one of them, ready for liquor to be poured into it. The court held that this was substantial testimony to sustain the verdict. The difference in the two cases is that the witnesses in the Rogers case said that the liquor found by them on the premises was corn whiskey. The court will take judicial notice that corn whiskey contains alcohol and is intoxicating.

In the present case the liquor found on the premises is called beer, but it appears from the evidence for the State to have been some kind of "home brew." The witnesses did not know whether it contained any alcohol or not. The burden of proof was upon the State to show the guilt of the defendant, and it devolved upon it to show that the liquor came within the kind enumerated above. Having failed to show that the "home brew" found on the premises of Harry Moore contained any per cent. of alcohol, a material ingredient of the offense was not proved.

This case is not governed by the long-established rule that this court will not disturb the verdict of the jury upon the mere weight of the evidence. Where, as in this case, the evidence wholly fails to sustain the verdict upon a material issue in the cause, it is as much the duty of this court to reverse the judgment below and to remand the cause for a new trial as it would be for any error of law occurring at the trial and excepted to. The reason is that the question as to the sufficiency of the evidence to support the verdict becomes one of law where

there is an entire absence of evidence on some material point.

It follows that the judgment must be reversed, and the cause will be remanded for a new trial.