BRADLEY *v.* STATE.

Opinion delivered November 1, 1926.

INTOXICATING LIQUORS—POSSESSION OF STILL.—The offense of possessing an unregistered still is sustained by proof that accused was in possession and control of all the parts of a still and that he has been manufacturing whiskey.

Appeal from Randolph Circuit Court; *John C. Ashley,* Judge; affirmed.

*J. W. Meeks,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was convicted under an indictment charging him with the offense of having and keeping in his possession an unregistered still, and the only contention on this appeal is that the evidence is not sufficient to sustain the verdict of conviction.

The officers testified that they found, at appellant's home, a copper boiler. It was out in the yard, by the side of the house. They also found there a barrel which had recently contained mash. Witness McMurtry testified that, while he was confined in jail with appellant, the latter made a statement to him that he had concealed a copper stillworm in the waters of a small lake near his home, and that the place was marked by a certain cypress tree. The witness testified that, after he got out of jail, he told the officers about it, and accompanied them to the place, and that they waded out into the lake and found the stillworm concealed in the water at the place designated by appellant. The officers also testified that they found a stillworm in the water at the place indicated.

They testified that they first went to the house and found the boiler, as hereinbefore stated, and then went back, after they received information about the stillworm, and found it. According to the testimony of the officers, there was no lid on the boiler which they found in appellant's yard. We are of the opinion that the evidence was sufficient to sustain the verdict.

The different parts of the still were not connected up, but each of the essential parts was in possession and control of appellant. The boiler was in his yard, the barrel, which had recently contained mash, was in the barn, and the stillworm was found in the water a short distance from the house. This indicated clearly that appellant had had all of the parts in his possession, and completed the offense. *McGarity* v. *State,* 151 Ark. 423. We do not mean to say that the mere ownership of the parts of a still, though widely scattered, would make an offense of possessing a still. What we do hold is that, where all of the parts are in possession and immediate control of a person, ready to be connected up and used, this is sufficient to constitute possessing a still within the meaning of the law. Besides that, even if this did not constitute possession at the time, the fact that all of the necessary parts are in control of a person, and there is evidence that he has been manufacturing whiskey, is sufficient to warrant the inference that he has had possession of the complete still at some time. This may be said also with regard to the absence of the lid to the boiler. Counsel for appellant rely upon the fact that there was no lid to the boiler as a failure to establish the offense. The fact that appellant had been using the apparatus at that place, which the evidence tended to establish, is sufficient to warrant the jury in finding that there had been a lid on the boiler, for the reason that the boiled liquid would not vaporize unless the boiler had been closed with a lid.

The issues were submitted to the jury under correct instructions, and the evidence, we think, was sufficient to sustain the verdict.

Affirmed.