BURRIS v. STATE.

Opinion delivered January 24, 1927.

1.  INTOXICATING LIQUORS—EVIDENCE OF SALE.—Evidence *held* to sustain conviction of selling intoxicating liquor.

2.  CRIMINAL LAW—EVIDENCE—SMELL OF LIQUOR.—In a prosecution for selling intoxicating liquor, the opinion of a witness, based on the smell of liquor, is competent to identify it as whiskey.

3.  WITNESSES—CROSS-EXAMINATION—TEST OF CREDIBILITY.—In a prosecution for selling intoxicating liquor, where a witness testified that, on the evening of the alleged sale, defendant was at a dance and not at the place of sale, it was admissible, for the purpose of testing her credibility and reason for remembering the date of the dance, to elicit on cross-examination that she remembered the date because she noticed defendant's arrest in a newspaper the next day.

Appeal from Union Circuit Court, First Division; *L. S. Britt,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was convicted on an indictment charging him with the offense of selling intoxicating liquor. An appeal was duly prosecuted to this court. Counsel for appellant has not filed a

brief, but we will proceed to consider the assignments of error contained in the motion for new trial.

The first contention is that the evidence is not legally sufficient to sustain the verdict of conviction. Appellant was operating a place of business in Dumas City, Union County, Arkansas, and the State introduced testimony tending to establish the sale of whiskey by appellant at that place. Two deputy sheriffs testified that they drove out to Dumas City and stopped in front of appellant's place of business, and sent a negro boy in to buy liquor; that the boy, in a few minutes, returned with two bottles of liquor, which they received from the boy, and preserved and produced before the jury. One of the witnesses, Mr. Hayden, testified that he saw appellant hand the bottles of liquor to the boy. Witnesses Hayden and Duck testified that they went back to appellant's place next morning and arrested him, and found a large quantity of liquor, the same kind as that purchased by the negro boy the night before. Hayden testified that the liquor was not analyzed by a chemist, and none of the witnesses testified about drinking any of it. Hayden testified that he examined it by smelling it, and stated positively it was whiskey. Witness Duck testified that, after appellant was arrested, he made the statement to witness that he had been "fooling with liquor" for more than a week, and, when asked how much he had sold that night, he replied about one hundred bottles, and also stated that it was liquor that came from Hot Springs. The negro boy, Joe Nash, testified that, on the occasion mentioned by the two officers, he went into appellant's place of business and purchased two bottles of liquor from appellant, and paid him for it. He stated he did not drink any of the liquor, but that "it looked like liquor." The testimony was, of course, sufficient to sustain a verdict of conviction.

Error of the court is assigned in permitting witness Hayden to testify that he identified the liquor as whiskey by the smell. The opinion of the witness, based upon the smell of the liquor, was competent evidence, and its

weight was a question for the jury. It cannot be said as a matter of law that the evidence of the identification of intoxicating liquor must rest upon more substantial basis than that of the sense of smell. Blackmore on Prohibition, page 123; *Strada* v. *United States*, 281 Fed. 143.

Error is assigned in permitting witness Maggie Yates to state that she had noticed publication in the newspaper about appellant's arrest. This witness was introduced by appellant, and testified concerning his presence at a dance on the evening the liquor is said to have been sold by him at his place of business. On cross-examination witness stated that she remembered the date because she noticed in the paper, the next day, an account of his being arrested. This testimony was brought out on cross-examination, and in testing the credibility of witness to see whether she had any substantial reason for the identification of the particular date on which she was with appellant at the dance. There was no error committed; in fact the entire record is free from error, and the judgment is affirmed.