McCoy *v.* State.

Opinion delivered September 24, 1928.

*I. J. Matheny* and *Coleman & Reeder,* for appellant.

*H. W. Applegate,* Attorney General, and *Walter L. Pope,* Assistant, for appellee.

Mehaffy, J. Appellant was convicted of the crime of manufacturing liquor, and prosecutes this appeal to reverse the judgment of conviction.

Charles Houston, marshal of Batesville, and W. A. Landreth, a deputy sheriff, went to appellant's house to arrest some persons they thought were engaged in a crap game, but did not find any one shooting craps. While there, they looked through the house and found a twelve-gallon jar behind the stove, and looked into it and found what they thought was home-brew or something in the process of making.

Houston testified that appellant said: "If you had just waited a little while I would have had it bottled." He made no statement about who made it. They took the jar to the mayor's office, and kept it there a day or two and then poured it out. No one tasted it, and no one testified that it was intoxicating or that it contained alcohol. They thought from the smell it was intoxicating.

Landreth testified to substantially the same facts as Houston, except he thought appellant said he made it. This in the jar appeared to be the same as home brew that witness had seen. Landreth did not know whether it was intoxicating or not. It is true that Dr. Woodward said, on direct examination, that it was intoxicating, but he said he did not taste it and did not test it. He

said it smelled like home brew, and he judged it contained alcohol from its odor. He would not swear that it was intoxicating, but thought it was.

These officers took the home brew, or whatever it was, kept it a day or two, and could have tested it and determined whether it was home brew and whether it was intoxicating liquor, but they did not do this.

Appellant is charged with the manufacture of intoxicating liquor. The nearest approach to any testimony that the appellant manufactured it is the statement of Mr. Landreth, who said that he thought that the appellant said he made it, and Mr. Houston, who was present with Mr. Landreth, testified that appellant said nothing about who made it. Appellant did say, however, that they came too soon; if they had waited a little while he would have had it bottled. This is all the testimony there is in the record tending to show that appellant manufactured it. And, while this would probably be sufficient to submit to the jury the question of whether he did manufacture it, still we think the testimony is insufficient to show that it was the kind of liquor the manufacture of which is prohibited by the statute.

The statute prohibits the manufacturing of alcoholic, ardent, vinous, malt, fermented, spirituous and intoxicating liquors. All of these terms in the statute, alcohol, ardent, fermented, and spirituous, are used to designate the intoxicants the manufacture of which the statute prohibits. The term "liquor" used in the statute means intoxicating liquor. The evil sought to be remedied by the statute is the manufacture of intoxicating liquors, and the burden is on the State to show that the appellant manufactured the kind of liquor mentioned in the statute.

The Alabama court has said: "But, if it contains elements and ingredients in such proportion or in such form as to bring it within one of the general clauses named in the law, then it is prohibited; otherwise, not. In other words, the term 'alcoholic liquors,' as used in

the law, does not necessarily include every article or compound which contains alcohol. On the other hand, it does embrace all articles which contain alcohol or malt in such proportions or form or state, which are or may be used as an intoxicating beverage, no matter what it is called, or what else it contains, or for what other purpose it was intended or is used, or for which it may be used, and although the vendor or disposer did not know it contained such ingredients or could be so used as an intoxicating beverage, unless the law expressly so excepts such article or such disposition.'' *Marks* v. *State,* 159 Ala. 71, 48 Sou. 864, 133 A. S. R. 20.

In the case of *Sheridan* v. *State,* 159 Ark. 604, 252 S. W. 579, two deputy constables went to the house where Sheridan lived and found 75 or 80 pints of beer and a lot of empty bottles. The empty bottles appeared to have contained some kind of home brew. On cross-examination one of the witnesses testified that all of the liquor found by them appeared to be some kind of home brew. Both of them said they did not know whether the liquor contained any per cent. of alcohol.

The court in that case said that the liquor found on the premises was called beer, but that it appeared from the evidence to have been some kind of home brew, and the witnesses did not know whether it contained any alcohol or not. The court further said: ''The burden of proof was upon the State to show the guilt of the defendant, and it devolved upon it to show that the liquor came within the kind enumerated above. Having failed to show that the home brew found on the premises of Harry Moore contained any per cent. of alcohol, a material ingredient of the offense was not proved.''

We think the statement of the court in *France* v. *State,* 68 Ark. 529, 60 S. W. 236, is applicable to the facts in this case. The court there said: ''The defendant may be guilty; a jury of his county have found that he is, and the circumstances are suspicious. But a consideration of the evidence has convinced a majority of the judges that it is too slight to support the verdict, and

that it would be safer to submit the facts to another jury.''

This court also said in a recent case: ''While it may be true, as the jury has found, that Ben is equally guilty with George on the charge against him, yet there is no substantial testimony in the record to show that he was guilty. The jury, in order to convict him, would have to deal purely with speculation and conjecture, which are insufficient in law to justify a conviction.'' *Yeager* v. *State,* 176 Ark. 725, 3 S. W. (2d.) 977; *Halford* v. *State,* 173 Ark. 989, 294 S. W. 33.

We have concluded that the evidence is insufficient to support the verdict of conviction, and the case is therefore reversed, and remanded for a new trial.