MITCHELL v. STATE.

Opinion delivered December 10, 1928.

*Fred M. Pickens,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McHANEY, J. Appellant was convicted on an information charging, in the language of the statute, a violation of § 6171, C. & M. Digest, which is as follows: "It shall be unlawful for any person, firm, corporation or association to receive for storage, distribution, or on consignment, for another, the liquors mentioned in § 6165 of this act, or any of them, or any other liquors, bitters or drinks prohibited by the laws of this State to be sold, bartered or otherwise disposed of in this State." He was sentenced to pay a fine of $100.

The evidence shows that the officers found about four gallons of liquor in appellant's barn, in Ball Brand fruit jars, and some in a tin can. The evidence wholly fails to establish where the liquor came from, who brought it there, if anybody, or that the appellant was engaged in the liquor business. We find it necessary therefore to construe the above statute, and to determine whether, under the evidence in this case, there is sufficient proof to sustain a conviction under said act.

Counsel for appellant contends, and we agree with him in this contention, "that it must be shown by the evidence that the liquor was received for one or all of the purposes set forth in the above act, that is, to constitute a violation of this act the liquor must be received for storage for another, distribution for another, or on consignment for another."

The above statute is § 7 of act 13 of the Acts of 1917, page 41. It will be noticed that there is a comma following the word "consignment" and a comma after the word "another," both in the Digest and in the act as printed in the Acts of 1917. By all rules of grammar or punctuation, this phrase, "for another," modifies and limits the three words preceding it, designating the purposes for which it is unlawful to receive the liquor, and means the

same thing as if the act had read "that it shall be unlawful for any person * * * to receive for storage for another, distribution for another, or on consignment for another, the liquors mentioned," etc. In other words, it was the purpose of this section of the act to make it unlawful to do any of these things as the agent or bailee for another. By § 5 of the same act it was made unlawful "to store, keep, possess or have in possession * * * any of the liquors" in certain places, such as fruit stands, restaurants, stores, drugstores, clubs, etc. It was not made unlawful by that section for a person to store, keep, possess or have in possession any liquor in his barn, unless it be a livery stable or public place. Another section of the statute makes it unlawful to possess liquor for sale or to sell it, or to transport it, but the clear purpose of this statute, as we view it, was to prohibit the receiving of liquor in the capacity of bailee or agent for another for storage, distribution, or on consignment.

We do not think this court held to the contrary in the case of *Rogers* v. *State,* 133 Ark. 85, 201 S. W. 845, or *Sheridan* v. *State,* 159 Ark. 604, 252 S. W. 579.

In the Rogers case it was contended that the indictment was void for duplicity and uncertainty, and that the evidence was insufficient, but this court held that it only charged one offense. It was there said:

"The indictment followed the language of the statute, and, inasmuch as it charged only one offense, to-wit, the unlawful receiving of the prohibited liquors, it was sufficient. Nor was the offense one that might be committed in three different ways, as contended by counsel for the appellant. The offense could be committed in only one way, to-wit, by the act of unlawfully receiving the liquors. The words 'storage, distribution, or on consignment' only indicated the different purposes for which the liquor might be received. The offense is complete when the liquor is received for any or all of these purposes. It was not error to charge the purpose for which the liquor was received in the disjunctive instead of the conjunctive, as the proof of any or all would not change

the nature of the offense. As above stated, there is but a single offense under this indictment, and it is wholly immaterial whether the purpose be for storage, distribution or consignment; the penalty is the same, regardless of which one of the purposes the receiver of the liquor may have in mind."

In that case, in addition to finding a quantity of liquor, they found a number of containers that had been cleaned as though they were ready to be filled, a funnel, and some empty jugs. Other witnesses testified to taking several gallons of whiskey to appellant's house in jugs and cans. The court there held this testimony sufficient to sustain a conviction under the above statute. But the exact question now presented, was not raised in that case, that is, whether the unlawful receiving of the liquors for storage, distribution or on consignment must be for another. Hence there is a total lack of evidence that appellant received the liquor from any other person for storage, distribution or on consignment for another. The proof, so far as this record discloses, shows only possession by the appellant, and that not in a prohibited place. There is no law in this State against the mere possession of alcoholic liquors, except in certain prohibited places, and we therefore concur with counsel for appellant in the view that the evidence is wholly insufficient to sustain the verdict. For this reason the cause will be reversed, and remanded for a new trial.

Justices HUMPHREYS, KIRBY and MEHAFFY dissent.