## WEST *v.* STATE.

Opinion delivered February 18, 1929.

*L. F. Monroe* and *Dexter Bush,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

McHANEY, J. Appellant was convicted for possessing a still, and sentenced to one year in the penitentiary. He has not favored us with a brief in his behalf. In his motion for a new trial he says the verdict is against the

law and the evidence. It is against neither. There was ample evidence to send this case to the jury. Two witnesses testified that they found a new copper still, cap, stillworm and connecting tube in appellant's smokehouse, located about twenty feet from his residence. They also found a barrel of rye mash and several empty kegs that smelled of liquor, and about three gallons and a half of wine, which tasted like corn liquor flavored with wine. Appellant denied that he possessed the still, or knew that it was in his smokehouse. The evidence was sufficient. *Martin* v. *State,* 163 Ark. 103, 259 S. W. 6; *Bradley* v. *State,* 171 Ark. 1083, 287 S. W. 387. The instructions of the court were the usual instructions in cases of this kind, including presumption of innocence, burden of proof, and reasonable doubt. No objections or exceptions were made or saved to the instructions, and no request for any instruction was made by appellant.

Another assignment of error in the motion for a new trial is that the court erred in overruling appellant's motion for a continuance on account of the absence of Lewis Marks. The record shows that on October 12, 1928, appellant's case was set for trial for Tuesday, November 13, 1928, more than one month, during which appellant had ample time to get a subpoena served on Lewis Marks, which he did not do. Appellant testified at the trial that he thought Lewis Marks was in Prescott at the time. No diligence is shown, and the court correctly overruled his motion for a continuance.

Another assignment of error is that the court erred in refusing to permit Claude West to testify that Lewis Marks told him that the still found in appellant's smokehouse belonged to him, Lewis Marks, and that the defendant had nothing whatever to do with it. This was purely hearsay, and inadmissible. Moreover, appellant could be guilty of possessing a still which belonged to Lewis Marks. It is not necessary to be the owner of the still in order to be guilty of possessing it. Of course, if he did not own the still and did not know it was in his smoke-

house, he would not be guilty, and the court so told the jury.

These are all the assignments of error in the motion for a new trial, and, as we have seen, none of them are well taken.

Affirmed.