BURNS *v.* STATE.

Opinion delivered February 18, 1929.

P. T. *Staggs,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Hempstead County for manufacturing alcoholic, vinous, malt, spirituous and fermented liquors, and was adjudged to serve a term of one year in the State Penitentiary as a punishment therefor, from which verdict and judgment he has duly prosecuted an appeal to this court.

Appellant assigns as reversible error the insufficiency of the testimony to support the verdict and judgment, contending that there is no substantial evidence in the record to support them. It is argued that, because

the officers who found the liquor and arrested appellant were unable to state the per cent. of alcohol it contained and to state definitely that it would intoxicate a person, they only surmised that it was intoxicating, and that it was an inference on their part, and purely conjectural. Both of the State witnesses testified that the liquor contained alcohol. Witness Rooker determined this fact from smelling and tasting the liquor. Witness Lewellen concluded that it contained alcohol on account of its odor. Rooker also testified, on direct examination, that it was intoxicating. The attending facts and circumstances were corroborative of their testimony. When they went to appellant's home he informed them that he did not live there, but lived up at his father's on the hill. They went up there, and, after making a search, found no liquors, but ascertained that appellant lived where they first found him. They returned, and found liquor which had been poured out on the ground in the back yard. They also found a keg practically empty, which contained about a tablespoonful of liquor. Rooker tasted the liquor in the keg. They also found three or four crates of bottles and a capper in the house. Appellant told the officers that if they would tell him where they got their information he would inform them where there was another outfit just like his.

We cannot agree with appellant that the testimony thus detailed, in substance, is insufficient to support the verdict and judgment.

Appellant also cites the cases of *Sheridan* v. *State,* 159 Ark. 604, 252 S. W. 579, and *McCoy* v. *State,* 177 Ark. 1053, 9 S. W. (2d) 241, in support of his contention, but neither case is parallel in its facts to the instant case. In the Sheridan case the witnesses did not profess to know whether the liquor contained any alcohol, and in the McCoy case the witnesses did not testify that either one of them tasted the liquor and found it contained alcohol, or that it was intoxicating.

Appellant also assigns as reversible error the refusal of the court to instruct the jury that, unless they found

that he manufactured intoxicating liquors, they should acquit him. The court instructed the jury that, unless they found from the evidence, beyond a reasonable doubt, that appellant made or manufactured either vinous, malt, spirituous, or alcoholic liquors, it would be their duty to acquit him. The court instructed the jury in the language of the statute under which appellant was indicted, and each kind of liquor mentioned therein is intoxicating. Alcohol means intoxicating liquor, and to have given appellant's requested instruction would have been a repetition of what the court had already told them. Trial courts are not required to repeat instructions of like tenor and effect.

No error appearing, the judgment is affirmed.