MAHAN *v.* STATE.

Opinion delivered March 18, 1929.

*Dave Partain,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HART, C. J.  Bill Mahan prosecutes this appeal to reverse a judgment of conviction against him for the crime of manufacturing alcoholic liquors, in violation of § 6160 of Crawford & Moses' Digest.

The first assignment of error is that the circuit court erred in communicating with the jury after it had retired to consider the verdict.  After the jury had deliberated some thirty minutes, the trial court told the sheriff to go to the jury room and tell the jury that the court was waiting on them to bring in a verdict.  The sheriff then went to the jury room, and carried the message of the court to the jury, and in about fifteen minutes the jury returned a verdict of guilty.

It is true, as contended by counsel for appellant, that it is reversible error for the court to communicate with the jury, in the absence of the defendant, any directions in regard to the verdict.  *Kindrix* v. *State,* 138 Ark. 594, 212 S. W. 84.  It is also true that this court is committed to the rule that it is reversible error for the circuit court to coerce or to entreat the jury to render a verdict.  *Jackson* v. *State,* 94 Ark. 169, 126 S. W. 843, and *St. L. I. M. & Sou. Ry. Co.* v. *Carter,* 111 Ark. 272, 164 S. W. 715.  In the present case, however, it cannot be said that the trial judge, by threat or entreaty, attempted to influence the jury to reach a verdict.  There was only one issue to be tried by the jury, and that was whether or not appellant had been engaged in manufacturing alcoholic liquors.  No witnesses were introduced by the appellant, and the only question for the jury to determine was whether or not the testimony of

the witnesses for the State warranted a verdict of guilty. The assignment of error in this respect did not warrant any inference that the court was either threatening or entreating the jury to bring in a verdict in the case. The question propounded to the jury by the court, through the sheriff, was nothing more than to ask about the probability of reaching a verdict within a reasonable time. Hence we hold this assignment of error is not well taken.

The first witness for the State was the sheriff of the county. According to his testimony, he went to the home of appellant, in Crawford County, Arkansas, and, just as they approached the house, some one poured out a tub of something on the porch. He examined the place where the liquid was running off the porch, and found that it was home brew. In a closet in the kitchen the sheriff found six or eight bottles of home brew. He smelled and tasted the liquid that was running off of the porch, and said that it was home brew. He did not drink enough of the liquor to tell if it was intoxicating, but said that, in his judgment, it was. He had been a commissioned officer six years, and had participated in numerous liquor raids. He said that the home brew in the bottles was intoxicating. Appellant admitted to the sheriff that the home brew which had been poured out and that in the bottles was made by him.

The chief deputy sheriff of the county was also a witness for the State. According to his testimony, the home brew which was in the bottles was intoxicating. He also testified that the liquor which was running off the porch was home brew, and that, from its taste and smell, it was intoxicating.

Another witness for the State who was present testified that the home brew which had been poured out, and which was running off the porch, smelled, tasted and looked like home brew which on other occasions he had analyzed and found to contain alcoholic liquor.

As above stated, no witnesses were introduced by appellant, and the testimony of the witnesses for the State, if believed by the jury, was sufficient to warrant it in returning a verdict of guilty. *Burns* v. *State, ante,* p. 1. In the present case the court instructed the jury in accordance with the principles of law decided in the Burns case and in other recent decisions of this court.

Therefore the judgment will be affirmed.