FULLER *v*. STATE.

Opinion delivered July 1, 1929.

*E. D. Chastain* and *O. D. Thompson,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

SMITH, J. Appellant seeks by this appeal to reverse the judgment of the circuit court sentencing him to a term in the penitentiary for selling intoxicating liquors, and assigns as error only the alleged insufficiency of the testimony to support the verdict of guilty returned by the jury.

The State relied solely upon the testimony of a colored boy named Fred Reed, whose testimony was to the following effect. Witness was sixteen years old; had worked the winter before at a cafe in Babylon for Percy Johnson, who ran the cafe as manager. One day a white boy came into the cafe and wanted some liquor, and in regard to the sale the witness testified as follows: "Q. Who sold it? (Counsel for defendant): We object. The court: Let him answer. (Counsel for defendant): We

save our exceptions. A. Him (indicating). Q. That is, the defendant over there by his attorney? A. Yes sir.''

Witness further testified that appellant sent Percy Johnson for the liquor. Witness did not know where Johnson went to get the liquor, but he returned with a pint, which appellant sold to the white boy for $1.50 in money.

It is first insisted that the witness did not properly distinguish between appellant and Percy Johnson as to who actually made the sale, if one was made; but this was a question for the jury. Johnson may also be guilty, in that he procured the liquor which had been sold, but this does not lessen appellant's guilt, if he made the sale, as the witness stated that he did.

It is also insisted that there was no testimony that the liquor sold was intoxicating, and we think the only question in the case is whether the jury was warranted in finding that it was. The boy to whom the sale was made did not testify, and no one stated what the liquor was. But the court told the jury that appellant was charged with having sold an alcoholic liquor, and to acquit him unless it were found beyond a reasonable doubt that he had done so.

Although the word ''liquor'' was used several times in the examination and cross-examination of the witness, the adjective ''alcoholic'' was never employed; but we think the jury was warranted in finding that this was meant. The cross-examination of the witness evidenced the fact that it was regarded by all persons connected with the trial that appellant had done, according to the testimony of the witness, an unlawful act in making the sale, and while the witness did not say that an alcoholic or intoxicating liquor had been sold, this was clearly and necessarily implied from what he did say.

The cross-examination of the witness was very searching, and an attempt was made by it to have the witness admit that he was prompted by a feeling of ill-

will and prejudice towards appellant in stating that he had seen appellant sell the pint of liquor for $1.50.

In the case of *Kinnane* v. *State*, 106 Ark. 337, witnesses testified that they bought liquor from Kinnane on a boat, without stating that it was intoxicating, but we there said: "The jury had a right to use its common-sense, and, in view of the surrounding circumstances, were warranted in finding that the liquor sold was intoxicating." The case of *Griffin* v. *State*, 169 Ark. 342, is to the same effect.

We conclude therefore that the judgment is sustained by legally sufficient evidence, and it must be affirmed, and it is so ordered.

HUMPHREYS, J. I concur in the affirmance of the judgment, not only for the reasons given but also for the further reason that, under the statute, it was unnecessary to allege and prove that the liquor was intoxicating.

BUTLER, J. I concur for the reasons stated by Mr. Justice HUMPHREYS.