HUNTER *v.* STATE.

Opinion delivered December 9, 1929.

*White & White,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

KIRBY, J. Appellant prosecutes this appeal from a judgment of conviction for the crime of manufacturing intoxicating liquors, and contends that the evidence is insufficient to support the verdict, and that the court erred in refusing to grant his motion for a continuance.

It appears from the testimony that the sheriff of Logan County, with one of his deputies, went to the home of appellant with a search warrant. Finding the house locked, he asked another man whom they saw there with

a bucket where Dick Hunter was. He replied that he was in town, and he would go and get him. This man not returning, the sheriff left his deputy at the house and went to town, where he found Dick Hunter, who said he would be home shortly. The sheriff returned, and, Hunter not appearing, he and his deputy found a key, and searched the house, finding a ten-gallon jar of "home brew" in process of fermentation. It was sitting behind the kitchen stove, on a lard can, with a lighted lamp under it. They found several bottles of "home brew" in the house and about a gallon of liquor in the barn. Witnesses stated that, from experience as officers and examinations made of various intoxicating liquors, that "home brew" was an intoxicating and alcoholic liquor, and that the "home brew" in the bottles was intoxicating liquor, although he admitted that he did not drink any of it.

No evidence was offered on behalf of appellant. The officers, experienced in such matters, testified that the liquor found fermenting in the container, in process of manufacture, was "home brew," and intoxicating when manufactured, and the testimony was sufficient to support the verdict. *Burns* v. *State,* 179 Ark. 1, 13 S. W. ('2d) 820; *West* v. *State,* 179 Ark. 28, 13 S. W. (2d) 821; *Mahan* v. *State,* 179 Ark. 189, 14 S. W. (2d) 1113; *Fuller* v. *State,* 179 Ark. 93, 18 S. W. (2d) 913; *Kindle* v. *State,* 174 Ark. 1179, 297 S. W. 827.

Neither was error committed in denying the motion for a continuance. The motion states that the absent witnesses, Jim Snelling and his wife, who were absent from the State temporarily, would testify that they were living in the house of the defendant, using and occupying a part of it with him, and knew of the circumstances of the case, and would swear that the liquor found in the house was not in the custody of the defendant, nor in any manner intoxicating and alcoholic, and that the defendant was not in any manner connected with the said substance in its manufacture; that the witnesses were residents of the Northern District of Logan County, Jim Snelling in

the regular employ of one of the coal companies, and that, if the continuance be granted, the witnesses would be present and testify as alleged at the next trial; that it was useless to have subpoenas issued for them, as they were in Kansas City, Mo.

The indictment against appellant was returned on the 6th of August, and his trial had on the 15th day of August, 1929. No subpoenas were issued for the absent witnesses, and the motion shows only that they were absent from the county on the day the case was set for trial, not stating that they were not in the county at any time after the indictment was found. No evidence was taken or showing made that the testimony of witnesses who were out of the jurisdiction of the court could be had if the continuance was granted to the next term, except the opinion of the appellant, stated in the motion, that they would return and could be served with process before the next term of court. Appellant knew of the search of his dwelling on the day it was made and the purpose of it, although he failed to accompany the officers in making the search, after invitation to do so, and necessarily knew that he would need the testimony of the witnesses who lived in the house with him, and certainly after the indictment was returned, but made no effort to procure their attendance by legal process. It thus appears that no abuse of discretion by the trial court in overruling the motion was shown. *James* v. *State,* 125 Ark. 269, 188 S. W. 806; *Eddy* v. *State,* 165 Ark. 289, 264 S. W. 832; *Lewis* v. *State,* 169 Ark. 340, 275 S. W. 663; *Harris* v. *State,* 169 Ark. 627, 276 S. W. 361; *Adams* v. *State,* 176 Ark. 927, 5 S. W. (2d) 946; *Edwards* v. *State, ante* p. 363.

Appellant only requested one instruction on reasonable doubt, and made no objection to any of the instructions given by the court. The instruction given by the court on reasonable doubt was a correct one, and fully covered the question, and no error was committed in re-

616

fusing to give the instruction requested by appellant on the same point.

We find no error in the record, and the judgment is affirmed.