TAYLOR v. STATE.

Opinion delivered June 30, 1930.

*Finis F. Batchelor* and *E. D. Chastain,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Crawford County for burglary and grand larceny jointly with James Wallace. Upon the trial he was acquitted of burglary, but convicted of grand larceny, and adjudged to serve a term of one year in the State penitentiary as a punishment therefor. From the judgment of conviction he has duly prosecuted an appeal to this court.

Appellant seeks a reversal of the judgment upon several alleged assignments of error.

The first assignment is that the court overruled his motion for a continuance. The motion was filed the day before the trial, and stated that Adam Shaffer, temporarily absent from the county, would swear that on the night of the robbery he had a conversation with appellant about 12:30 o'clock A. M., after which they parted and appellant went east in the direction of his home. The indictment was returned on March 11, 1930, and although appellant was not tried until the 20th day of the month subpoena was not issued for the witness. It does not appear that the witness left the State before the arrest of appellant, nor was it made to appear that the testimony of the absent witness could be had if a continuance was granted. The court did not abuse his discretion in overruling the motion which failed to show that appellant used diligence to get the witness and that a continuance would result in securing the testimony. *Hunter* v. *State,* 180 Ark. 613, 22 S. W. (2d) 40.

The next assignment is that the instructions given by the trial court were erroneous. A general objection was

made to each instruction, but an examination of them reveals that none of them are inherently wrong, and, when read together, correctly declared the law applicable to the facts in the case. It would extend this opinion and could serve no useful purpose to set out the instructions.

The next assignment is that the testimony of appellant's alleged accomplice was not substantially corroborated.

James Wallace, the alleged accomplice, testified in substance, that he and appellant agreed to burglarize McKinney's store in Van Buren on the night of March 1, 1930; that a little after one o'clock A. M. he entered the store through a window in the rear thereof which they broke with a hammer and handed certain goods and merchandise out to appellant; that as they were leaving they saw the night watchman approaching and dropped a part of the goods and that later the witness hid those which were not dropped near the river. The goods which were dropped were discovered the following morning and those hidden were pointed out to the officers by James Wallace.

Mrs. George Knight testified that James Wallace and Allen Taylor each came to her restaurant on the night in question inquiring for the other and that about midnight she saw them together near the depot.

George Knight, the night watchman, testified that he saw James Wallace and Allen Taylor together about 2:30 o'clock A. M. on the night in question going towards the back of McKinney's store.

Appellant's defense was that he was not with James Wallace on the night in question and that he did not assist him in burglarizing the McKinney store. The testimony of the Knights sufficiently corroborated the testimony of the alleged accomplice to connect appellant with the crime, and therefore to support the verdict. *Powell v. State,* 177 Ark. 938, 9 S. W. (2d) 583.

The next assignment is that the prosecuting attorney was permitted to inquire from witnesses who had testified to appellant's good character whether it was

not a fact that several other good boys had gone wrong. Counsel for appellant had proved that he was a good boy on cross-examination, and we do not see how any prejudicial error resulted to him simply because the prosecuting attorney asked them whether they had not known of other good boys going wrong.

No error appearing, the judgment is affirmed.