HORTON *v.* STATE.

Crim. 4004

Opinion delivered July 6, 1936.

*W. A. Jackson* and *W. P. Smith,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

McHANEY, J. Appellant was jointly indicted with Edwin Aaron, John Hudson and Ralph Freeling, charged in the first count with the larceny of two mules, the property of Andy Henson; and in the second count, with receiving the same stolen property knowing it to be stolen.

All the parties so charged plead guilty, except appellant. On a trial he was found guilty on the second count and sentenced to one-year in the penitentiary.

For a reversal of the judgment appellant first contends that the evidence is insufficient to support the verdict and that there is no evidence to corroborate the accomplices. It is undisputed in this record, (in fact, no testimony was offered by appellant or in his behalf) that Andy Henson's mules were stolen and that John Hudson, Edwin Aaron and Abe Decker actually did the stealing. It is undisputed that appellant and Freeling were engaged as partners in the business of buying and selling livestock. Appellant owned the barn and lot in which the stock was kept and his home was adjacent thereto. Freeling arranged with Hudson, Aaron and Decker to steal Henson's mules. They went to the barn and got a saddle horse and some halters with which to lead the stolen mules back to the barn. The mules were stolen that same night, brought back and turned loose in appellant's lot. That same night they were taken to St. Louis and sold. Purchases were made in St. Louis of some mares or horses which were brought back to Walnut Ridge and put in appellant's trading lot. Freeling testified that appellant was his partner and shared in this as well as other thefts. As to whether the testimony of the accomplices is sufficiently corroborated, we think it sufficient to go to the jury. Appellant's home was adjacent to the stock lot, and it is difficult to see how he could have been ignorant of what was going on. Even if he did not know that the thieves got his horse and some halters out of the barn, brought the mules back and turned them in his lot in the very shadow of his home, and that they were taken out that night and trucked to St. Louis, he must have known that the horses or mares that were brought back from St. Louis and put in his lot were not purchased with his money. It was sufficient to put him on inquiry as to how they were acquired. In conversations with the sheriff and another, he stated that he was not guilty, but it looked like they might hook it on him. We think this evidence made a question for the jury as to his guilt and as to the sufficiency of the corroboration. *Powell* v. *State,*

177 Ark. 938, 9 S. W. (2d) 583; *Estes* v. *State,* 180 Ark. 656, 22 S. W. (2d) 172; *Taylor* v. *State,* 182 Ark. 54, 30 S. W. (2d) 836.

It is next said the court erred in its examination of the witness Aaron. During the examination of this witness by the state's attorney, he appeared to be an unwilling witness, and the court asked some questions with the evident view of eliciting the truth from him. It is said the court conveyed the impression that he thought appellant guilty. A careful reading of the questions by the court fails to convince us that the court even intimated such to be his belief.

It is finally urged that the prosecuting attorney made an erroneous closing argument. What the prosecuting attorney is alleged to have said is not found in the bill of exceptions, so we cannot consider this assignment.

The court fully and fairly instructed the jury on the law of the case, including presumption of innocence, burden of proof and reasonable doubt, and the jury has found him guilty. No error appearing, we must permit the judgment of conviction to stand.

Affirmed.

BUTLER, J., dissents.