484

4624                                      231 S. W. 2d 121

Opinion delivered June 19, 1950.

*Guy H. Jones,* for appellant.

*Ike Murry,* Attorney General and *Arnold Adams,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J.   This appeal is from a judgment by which the appellant was fined $600 for the offense of selling intoxicating liquor in a dry county.

The appellant contends that the State failed to prove that what he sold was intoxicating liquor.   Lee Mode testified that on the night of the offense he refused to allow his son Gerald, a confirmed alcoholic, to order whiskey by telephone.   Gerald then went off in a taxi, and Lee followed in his car.   He testified that Gerald stopped at the appellant's house and entered the kitchen.   Lee

watched through the window and saw the appellant hand Gerald a half pint of whiskey in exchange for two dollars. The witness said that the bottle was labeled whiskey, but he did not smell or taste the contents.

This testimony is sufficient to support the jury's conclusion that intoxicating liquor was sold. We have held that a jury question is presented when a witness testifies that liquor was sold, even though he does not say that it was alcoholic or intoxicating. *Fuller* v. *State,* 179 Ark. 913, 18 S. W. 2d 913. The appellant is mistaken in thinking that a witness should not be permitted to identify whiskey by sight alone. If it were required that the witness must have smelled or tasted the liquor it would be possible for bootleggers to sell their wares on the streets with impunity, merely by having the buyer hasten away with his purchase before anyone could smell it or taste it.

Several witnesses testified that the appellant's reputation for violating the liquor laws is bad. Ark. Stats. 1947, § 48-940. On the authority of *Richardson* v. *State,* 211 Ark. 1019, 204 S. W. 2d 477, it is insisted that the court should have restricted this testimony to recent reputation only. The record shows that the testimony was in fact so restricted. All questions about reputation were framed in the present tense, and when the objection was made below the court stated that he assumed the witness was referring to the appellant's present reputation. Later on, the jury were instructed that they might consider proof of recent reputation if corroborated by other substantial evidence of guilt. This procedure conforms to even the most strict interpretation of our earlier holding.

Complaint is made of the court's refusal to give an instruction requested by the appellant. Lee Mode, the State's principal witness, admitted on cross-examination that he had been convicted of a felony. The appellant submitted an instruction to the effect that the jury might take previous felony convictions into consideration in weighing the testimony of any witness. This instruction was properly refused. The court had given a comprehen-

sive instruction upon the matter of credibility, telling the jury that they might consider the witnesses' demeanor on the stand, their means of knowledge, the reasonableness of their statements, their interest in the case, their bias or prejudice, and all the facts and circumstances testified to. The court's instruction, however, did not mention previous convictions as bearing upon the issue of credibility.

Had the requested instruction been given it would have unduly singled out this particular test of credibility and would have placed unnecessary emphasis upon Mode's criminal record. In a similar situation we have upheld the trial court's refusal to give a separate instruction telling the jury that they might consider the accused's evidence of good character in weighing the testimony. "This court is thoroughly committed to the rule that in the trial of cases a court should not single out specific features of the case and emphasize them in separate instructions, but should submit all the facts and circumstances together for the consideration of the jury." *Price* v. *State,* 114 Ark. 398, 170 S. W. 235. In a later case we disapproved an instruction that would have unnecessarily stressed the testimony of certain witnesses. *Shank* v. *State,* 189 Ark. 243, 72 S. W. 2d 519. At most the appellant was entitled to have the matter of previous convictions mentioned along with the other tests of credibility that were set forth in the court's instruction. No such modification was requested.

It is also asserted that certain testimony given by a State police officer was prejudicial to the accused. The court, however, immediately instructed the jury to disregard these statements, and the appellant did not press the point by asking for a mistrial, nor was the court's ruling assigned as error in the motion for a new trial.

Affirmed.