BURKE *v*. STATE.

5049 362 S. W. 2d 695

Opinion delivered December 10, 1962.

[Rehearing denied January 7, 1963.]

*Donald Poe,* for appellant.

*Frank Holt,* Atty. General, by *Milas H. Hale,* Asst. Atty. Gen., for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a conviction for possession of intoxicating liquor in dry territory for purposes of sale.

On February 9, 1962, appellant Paul Burke, while riding as a passenger in an automobile driven by one Gerald Oglesby in Sevier County, was arrested by officers attached to the Weights and Standards Division of the Department of Revenues. Oglesby was driving south on Highway 71 about five miles south of DeQueen, where the officers were temporarily stationed, when he was stopped. After examining their drivers licenses, the officer in charge demanded the key to the trunk of the car, where they found nine cases of jars apparently containing whiskey. Appellant was charged with unlawfully possessing 54 gallons of intoxicating liquor in a dry county for purposes of sale, as a third offender, under the felony provisions of Ark. Stats. § 48-811.1. Upon conviction, he was sentenced to the penitentiary for one year. The testimony is undisputed that Oglesby was not speeding or violating any other traffic laws when he was stopped, and it is also undisputed that the officers had no search warrant. One officer testified that the car looked heavily loaded and that he thought appellant was drunk, so they decided to "check the car." Both arresting officers testified that there was a strong smell of wild-cat whiskey in and about the car, and that they knew appellant had a reputation for dealing in whiskey in Polk County.

Appellant relies on four points for reversal of his conviction. Appellant's first point is: The alleged prior convictions were under a different act and section of the statutes from the information in the instant case, and were for a different crime, that is, selling instead of possessing for purposes of sale. It is unquestioned that criminal statutes must be strictly construed in favor of the defendant, *Hughes* v. *State*, 6 Ark. 131, 1. Eng. 131, and in that vein we examine the statute under which appellant was convicted. From examination of the record, we are unable to determine under what specific statute the appellant's prior convictions were based, but we note that the convictions were subsequent to the passage of Act 395 of 1953 (Ark. Stats. § 48-811.1) and appellant was charged and convicted of crimes which are crimes enumerated by this statute, *i.e.*, sale of intoxicating liquor or beverage. We are, therefore, unable to say that appellant was improperly charged under the felony provisions of Act 395.

Appellant's second point urged for reversal is that no competent proof was offered that the alleged liquor was intoxicating liquor prohibited by law. In the case at bar, the arresting officers and the sheriff of Sevier County (who had custody of the nine cases from the time appellant was arrested) testified that they determined it was liquor from the smell. The cases of liquor were admitted into evidence at the trial. In *Burris* v. *State*, 172 Ark. 609, 290 S. W. 66, this court stated:

"Error of the court is assigned in permitting witness Hayden to testify that he identified the liquor as whiskey by the smell. The opinion of the witness, based upon the smell of the liquor, was competent evidence, and its weight was a question for the jury. It cannot be said as a matter of law that the evidence of the identification of intoxicating liquor must rest upon more substantial basis than that of the sense of smell."

See also *Burns* v. *State*, 179 Ark. 1, 13 S. W. 2d 820; *Hunter* v. *State*, 180 Ark. 613, 22 S. W. 2d 40; *Freyaldenhoven* v. *State*, 217 Ark. 484, 231 S. W. 2d 121; *Fuller* v. *State*, 179 Ark. 913, 18 S. W. 2d 913; and 78 A. L. R.

439. The evidence was competent, and its weight was a question for the jury.

Appellant's third point, that the evidence was obtained by illegal search and seizure and should have been excluded, has given this court considerable concern. In *Clubb* v. *State*, 230 Ark. 688, 326 S. W. 2d 816, it was stated:

"The right to be secure against unreasonable searches is guaranteed by Article 2, § 15 of our Constitution and also, in essentially the same language, by the 4th Amendment to the United States Constitution, yet our Court has followed a rule at variance with the Federal rule regarding the admissibility of evidence obtained by search without a warrant. *After careful consideration we have concluded that we will re-examine our former decisions in this connection with a view to changing our announced rule when the question is properly presented to us again.*" [Emphasis ours.]

In the light of this caveat, we have thoroughly examined the record and authorities cited and not cited by the parties. Two cases which are of compelling interest because of the similarity of the fact situations with the instant case are *Carroll* v. *United States,* 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, and *Brinegar* v. *United States,* 338 U. S. 160, 69 S. Ct. 1302, 93 L. Ed. 1879. In both cases the United States Supreme Court held that, under the Fourth Amendment, a valid search of a vehicle moving on a public highway may be had without a warrant, but only if probable cause for the search exists. The Court then went on to rule that the facts there presented amounted to probable cause for the search of the automobiles involved. In a careful and detailed analysis, Chief Justice Taft in *Carroll* v. *United States, supra,* at p. 153, stated:

"We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the Government, *as recognizing a necessary difference* between a search of a store, dwelling house, or other struc-

ture in respect of which a proper warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.'' [Emphasis ours.]

In the case at bar, the testimony of the officers as to the heavily loaded car, their knowledge of appellant's reputation as a known bootlegger, and the strong odor of wild-cat whiskey in the car all add up to probable cause for the search. As was stated in *Carroll* v. *United States, supra,* and approved in *Brinegar* v. *United States, supra,*:

''It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search . . . But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search *unless there is known to a competent official authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise*'' [Emphasis ours.]

Our caveat in *Clubb* v. *State, supra,* stated that ''our Court has followed a rule at variance with the Federal rule regarding the admissibility of evidence obtained by search without a warrant.'' In the instant fact situation, our former decisions are *not* at variance with the Federal rule, and there is, therefore, no necessity here for re-examining our former decisions. To hold that this evidence is inadmissible would be to create still further variance with the Federal rule regarding admissibility of evidence obtained by search without a warrant. However, this shall in no way diminish our caveat.

The last point urged by appellant is that the remarks of the prosecuting attorney were prejudicial error.

In his closing argument, the prosecuting attorney apparently stated that the argument of appellant's counsel

was misleading, to which appellant made timely objection. The court sustained the objection and admonished the jury to base their verdict on the testimony as they gained it from the witnesses who testified and on the law as given them by the court, and on those two things alone. He further instructed them to disregard anything that was not in the record that was mentioned by the attorneys. The balance of the prosecuting attorney's closing argument as transcribed was not such an expression of opinion of counsel as to be so flagrant as to deliberately, purposely and effectively arouse the passion and prejudice of the jury. As stated in *Adams* v. *State,* 176 Ark. 916, at p. 939, 5 S. W. 2d 946:

"This court will always reverse where counsel go beyond the record to state facts that are prejudicial to the opposite party, unless the trial court, by its ruling, has removed the prejudice. *Hughes* v. *State,* 154 Ark. 621, 243 S. W. 70 [and other cases cited]. But this court does not reverse for the mere expression of opinion of counsel in their argument before juries, unless so flagrant as to arouse passion and prejudice, made for that purpose, and necessarily having that effect."

Finding no error, we affirm.