Winfred MOSER *v.* STATE of Arkansas

CR 77-96                                    557 S.W. 2d 385

Opinion delivered October 24, 1977
(Division II)
[Rehearing denied December 5, 1977.]

*Howell, Price, Howell & Barron,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was charged by information with possession of marihuana with intent to deliver and by indictment with three counts of delivery of marihuana. The cases were consolidated for trial. The jury found Moser guilty upon all four charges and assessed the maximum penalty, 10 years' imprisonment and a $15,000 fine, upon each offense. This appeal is from a judgment upon the verdict, the terms of imprisonment having been made to run consecutively. Five points for reversal are argued, but in view of the necessity for a new trial only three of the points require discussion.

First, the marihuana in question was not introduced in evidence and had not been available for chemical analysis, because the purchaser either smoked it or resold it. The appellant argues, with respect to the one charge of possession with intent to deliver, that the users should not have been permitted, as lay witnesses, to testify that the substance which they smoked was marihuana.

This argument is not well taken. The witnesses testified in effect that Moser had represented the substance he sold to be marihuana, that they had smoked marihuana hundreds of times, that they were familiar with its appearance, its smell, its taste, and its effect, that they smoked what was bought from Moser, and that it was marihuana. Under our decisions, this lay testimony was competent evidence. *Sweatt* v. *State*, 251 Ark. 650, 473 S.W. 2d 913 (1971); *Hunter* v. *State*, 180 Ark. 613, 22 S.W. 2d 40 (1929); *Burris* v. *State*, 172 Ark. 609, 290 S.W. 66 (1927). Indeed, if that were not the rule, the State could never obtain a conviction in a drug or liquor case if the contraband had been consumed or had otherwise become unavailable before it could be chemically analyzed.

Second, Moser is right in arguing that the State failed to prove the three counts of delivery of marihuana. Here the State's only witness evidently surprised the prosecution by testifying that what he bought from Moser did not look like marihuana, did not smell like marihuana, and had no effect when he smoked it. He said he did not know what it was and could not say that it was marihuana. The court was in error in submitting those three counts to the jury.

Third, it is argued that the defendant's instructions five and six, enumerating the elements which the State had to prove, should have been given. Neither party has abstracted the court's instruction upon this point; so, in the absence of other error, we would not reverse the judgment for this reason alone, as we cannot say that the matter was not adequately covered by the court's instruction. The proffered instructions appear to be correct statements of the law, however, and should be given upon a retrial if not covered by another instruction.

The judgment must be reversed with respect to the three counts of delivery. As to the fourth count, charging possession with intent to deliver, we certainly cannot say that the jury was not adversely influenced by the erroneous submission of the other three counts. To the contrary, the imposition of the maximum penalty upon every count indicates that the error did have a prejudicial effect as to all four charges. The cause will therefore be remanded for a new trial upon all four counts.

Reversed and remanded.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.