The Honorable M. Olin Cook State Representative 206 South Enid Avenue Russellville, AR 72801-4534
Dear Representative Cook:
You have requested an Attorney General opinion concerning the interaction of Act 773 of 1999 and the Teacher Fair Dismissal Act (A.C.A. § 6-17-1501et seq.).
You note that Act 773 of 1999 requires school districts to cease making contributions to tax qualified retirement plans for T-DROP teachers (except when such contributions are made pursuant to contractual obligations incurred prior to February 1, 1999). If a school district terminates its retirement plan contributions pursuant to Act 773, it will be reducing the annual compensation paid to the teacher. You also note that under the Teacher Fair Dismissal Act, teachers' contracts are automatically renewed from year to year unless non-renewed prior to May 1 of each year. The school district on whose behalf you are inquiring did not non-renew its teachers' contracts prior to May 1, and their contracts were renewed on the same terms and conditions for the next year.
With regard to this situation, you have presented the following questions:
 (1) Does Act 773 take precedence over the Arkansas Teacher Fair Dismissal Act and eliminate a portion of the T-DROP teachers' current compensation, or does the Teacher Fair Dismissal Act apply?
 (2) If the Teacher Fair Dismissal Act takes precedence over Act 773, do all current T-DROP teachers continue to receive the additional compensation until terminated for cause or retirement?
 (3) If the Teacher Fair Dismissal Act takes precedence over Act 773, does the district violate its personnel policies on teacher salary scales by paying such compensation to existing T-DROP teachers and then electing not to pay the same compensation to subsequent T-DROP teachers?
Response
Question 1 — Does Act 773 take precedence over the Arkansas Teacher FairDismissal Act and eliminate a portion of the T-DROP teachers' currentcompensation, or does the Teacher Fair Dismissal Act apply?
It is my opinion that Act 773 of 1999 and the Arkansas Teacher Fair Dismissal Act are not inconsistent with one another, and that therefore, neither must be construed to take precedence over the other.
The Arkansas Teacher Fair Dismissal Act states in pertinent part:
 Every contract of employment made between a teacher and the board of directors of a school district shall be renewed in writing on the same terms and for the same salary, unless increased or decreased by law,
for the next school year succeeding the date of termination fixed therein, which renewal may be made by an endorsement on the existing contract instrument, unless by May 1 of the contract year, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed[.]
A.C.A. § 6-17-1506(a) (emphasis added).
The phrase "unless increased or decreased by law," as used in the above-quoted section of the Fair Teacher Dismissal Act, modifies both "terms" and "salary." Mitchell v. State, 178 Ark. 659, 12 S.W.2d 407
(1928). Therefore, the "terms" of a teacher's contract can be increased or decreased by law. Act 773 had this effect. That is, by requiring that school districts cease making contributions to tax qualified retirement plans, Act 773 decreased the terms of certain T-DROP teachers' compensation. Because the Teacher Fair Dismissal Act specifically provides for such a decrease by law, the two Acts do not conflict. They are consistent with one another. Under both Acts, the renewed contracts of T-DROP teachers on whose behalf the school district was previously making contributions to a tax-qualified retirement plan as a portion of their compensation may not include a term providing for such a contribution. If the renewed contracts did include such a term, the effect of both Act 773 and the above-quoted portion of the Teacher Fair Dismissal Act was to nullify it.
Question 2 — If the Teacher Fair Dismissal Act takes precedence over Act773, do all current T-DROP teachers continue to receive the additionalcompensation until terminated for cause or retirement?
As indicated in response to Question 1, it is my opinion that under both the Teacher Fair Dismissal Act and Act 773 of 1999, the renewed contracts of T-DROP teachers on whose behalf the school district was previously making contributions to a tax-qualified retirement plan as a portion of their compensation may not include a term providing for such a contribution. Any such terms that may have been included in the renewed contracts have been nullified.
Question 3 — If the Teacher Fair Dismissal Act takes precedence over Act773, does the district violate its personnel policies on teacher salaryscales by paying such compensation to existing T-DROP teachers and thenelecting not to pay the same compensation to subsequent T-DROP teachers?
In light of the responses to Questions 1 and 2, the issue raised in this question is moot.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh