## STATE v. FRANCO

No. 4981.  Decided March 22, 1930.   (289 P. 100.)
Rehearing Denied June 19, 1930.

*F. W. James,* of Salt Lake City, for appellant.

*George P. Parker,* Atty. Gen., and *Lawrence A. Miner,* Asst. Atty. Gen., for the State.

## FOLLAND, J.

Defendant was charged and convicted of the crime of unlawful possession of marijuana. The evidence shows that two regular police officers of Salt Lake City, a special officer of the city, and an undercover man went to the place of business of defendant, a restaurant operated by him on West Second South street, of Salt Lake City. The officers took the numbers of three $5 bills which were handed to the undercover man, who then went into the restaurant, and obtained a package containing three cans of what was testified to be marijuana. The officers were stationed across the street, and from that place watched the transaction. The defendant, after the undercover man first spoke to him, went in the direction of a stairway leading to the basement. No witness could testify that he went into the basement, but he was gone for a period of a minute or two, and then returned with the package which he delivered to the undercover man and received two $5 bills which he put in his cash register and gave $4 change. The officers immediately entered the restaurant, served a search and seizure warrant, and made a search of the place. In the basement they found bottles of intoxicating liquor in suitcases, and also a sack containing several pounds of marijuana. The sacks obtained from the basement, the cans purchased by the undercover man, and the two $5 bills from the cash register were introduced in evidence.

Numerous alleged errors are assigned. We shall discuss the more important of them.

Defendant requested the following instruction to be given to the jury. This was refused, and the refusal is assigned as error.

"You are further instructed that if the police officers, as they testified, paid a man to go down to the defendant's place of business and induce or procure the defendant to commit a crime which he would not have committed had this undercover man not persuaded or induced him to do so, then your verdict should be not guilty."

Defendant cites *State* v. *McCornish,* 59 Utah 58, 201 P. 637.

The facts of the McCornish Case are quite different from those present in this case. Here there was no evidence that either the officers or the undercover man induced or procured the defendant to commit a crime. It is true defendant testified that the undercover man came to ▮ his place of business in the morning and asked him to procure some medicinal herbs such as he, the defendant, had used for his wife for rheumatism which defendant said was called mariola. The record, however, is entirely silent that either the police or the undercover man had ever requested the defendant to obtain possession of marijuana. The evidence satisfactorily shows that it was marijuana which the defendant handed to the undercover man, and that it was marijuana which was found in the basement. It has been settled in this state that, where officers merely go to a place of business and ask for a product which may not lawfully be sold, and which is produced and delivered in the ordinary course of business, such is not an inducement or procurement of another to commit a crime. *Salt Lake City* v. *Robinson,* 40 Utah 448, 125 P. 657. The request does not accurately reflect the evidence. There is no evidence that the police officers paid the undercover man to "induce or procure" the defendant to commit a crime.

Assignment of error No. 4 raises the question whether defendant was entitled to have his request on the subject of circumstantial evidence given in the exact language requested. The request is as follows: ▮

"You are further instructed that when the state relies upon circumstantial evidence for conviction it is incumbent upon the state to produce such facts and circumstances as are incompatible upon any reasonable hypothesis with the innocence of the accused and incapable of explanation upon any reasonable hypothesis other than defendant's guilt."

The request was refused but the court gave the following:

"You are further instructed that when the state relies upon circumstantial evidence for a conviction the chain of circumstances must

be such as to exclude every reasonable hypothesis except that of defendant's guilt of the offense charged. That every circumstance constituting a necessary link in the chain of evidence must be consistent with the defendant's guilt and inconsistent with his innocence."

The instruction given correctly states the law on this subject. *State* v. *Crawford,* 59 Utah 39, 201 P. 1030; *State* v. *Merritt,* 67 Utah 325, 247 P. 497. An instruction need not be given in the exact form requested. It is sufficient if it substantially and accurately states the law.

Error is assigned because of the court's refusal to grant defendant's request for a directed verdict. Under this assignment it is argued that there is no competent evidence that defendant ever rented the basement in which the sack of marijuana was found. The question whether or not defendant had unlawful possession of marijuana does not depend solely upon the rental of the basement by him. The basement was under the restaurant, and accessible only through the restaurant. No one could go into the basement without first going through some part of the restaurant premises. The door from the restaurant to the basement was kept unlocked. The landlord testified the basement had been rented to defendant with the restaurant. This was denied by defendant, and the landlord, on cross-examination, said there was no conversation had about the basement at the time of the rental of the premises. The officers testified that, when the undercover man first spoke to defendant, the defendant was behind the counter, and that he then went directly to the head of the basement stairs, and was gone for a minute or two. The building was so constructed that they could not see from where they stood whether the defendant went into the basement or not. When he returned, defendant had in his hands the package which he delivered to the undercover man, and which was found to contain marijuana. The officers went into the basement, and, after some little searching, found the sack of marijuana behind a cement wall and between certain of the joists. The

ceiling of the basement was covered with cobwebs except at the place where the marijuana was found. We think all of the circumstances sufficient to connect the defendant with the marijuana found in the basement. *State* v. *Brown* (Utah) 266 P. 716.

It is further objected that one of the officers said the cans of marijuana handed to the undercover man were wrapped in a newspaper, while another officer said they were in a little paper sack. This discrepancy in the evidence with regard to the manner in which the cans were wrapped does not destroy the evidence, but merely goes to the weight to be given it by the jury.

Objections were made to the testimony of the officers that the stuff contained in the sack and in the cans was marijuana on the ground that the witnesses were not qualified to state what the substance was. The rulings on these objections are assigned as error. In view of the testimony of the officers showing the experience they had in searching for and obtaining marijuana, the court did not err in permitting them to testify. The marijuana seized was introduced in evidence, and is shown to be not an extract or preparation which may be difficult or impossible of characterization without chemical analysis, but the dried leaves, stems, and seeds of the plant. One reasonably familiar with the plant should be able to identify it by its appearance. However, the state very properly did not rest its case as to the character of the drug upon the officers' testimony. The sack and cans were taken to the state chemist who examined and analyzed their contents, and testified that it was marijuana.

The overruling of objections by defendant to conclusions stated by the landlord that he had rented the basement to the defendant are assigned as error. The objections might properly have been sustained, but there was no prejudice to the defendant, because later in the examinatio of the witness the circumstances of the renting

were full stated, including the fact that no conversation was had at the time of the rental with regard to the basement.

Assignment 26 questions the constitutionality of Laws Utah 1927, chapter 66, amending Comp. Laws Utah 1917, § 4431, providing penalties for unlawful possession and sale of poisons and narcotic drugs. The title to the amending act reads as follows: "An Act amending section 4431, Compiled Laws of Utah 1917, relating to the sale of, poisons, and repealing Sections 4420, 4421, 4422 and 4436, Compiled Laws of Utah, 1917." It is argued that the title, which mentions only "sale," thereby limits section 4431, so that the penalties do not reach violations for "possession." This objection is completely answered adverse to the contention of appellant in *Edler* v. *Edwards*, 34 Utah 13, 95 P. 367, 368, where it is said:

"* * * We may safely deduce * * *, namely: * * * that the subject of such an act, within the constitutional provision, is contained in the statement which refers to the sections by numbers and asserts a purpose of amending them; that the legislators and all persons must take notice from such a title that the subject-matter of the sections specified is open for amendment by excision, by substitution, or by the addition of any new matter which is germane or directly related to the subject-matter of the sections proposed to be amended."

Other alleged errors are assigned. The assignments are without merit.

Judgment affirmed.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.