## WILLIE MAT SIMS *v.* STATE OF ARKANSAS

CR 73-58                                499 S.W. 2d 54

Opinion delivered September 17, 1973
[Rehearing denied October 15, 1973.]

*Eugene Hunt,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

CONLEY BYRD, Justice. To reverse a ten year conviction for manufacturing and growing marijuana in violation of the Controlled Substance Act, (Acts 1971, No. 590 as amended by Acts 1972, No. 68), appellant Willie Mat Sims contends:

> "I. The lower court committed error by allowing the sheriff of Arkansas County and Kenneth R. McKee, supervisor of the narcotics section of the Arkansas State Police to testify as an expert witness when these individuals had not been qualified and in fact were incapable of being qualified as such.
>
> II. The court erred in allowing numerous items of evidence to be introduced without the chain of custody being established.
>
> III. Defense counsel at trial failed to adequately represent the appellant in that:

A. Defense counsel failed to request a jury instruction regarding the appellant's failure to take the witness stand in his o vn behalf;

B. Defense counsel was generally ineffective in his overall representation of the appellant herein."

The record shows that Gene Garrison, Sheriff of Arkansas County, had twelve years experience as a law enforcement officer and that as such he had attended a school on narcotics. On May 5, 1972, while searching some woods for a liquor still, he observed the appellant leaving the area. Later in the day, after appellant had departed, he found some marijuana plants. The plants were being grown and cultivated within some wire baskets to prevent the rabbits from eating the plants.

Mr. Garrison kept the plants under surveilance until October 17, 1972. During that time he made some plaster casts of some boot prints made in the field after a rain. On October 17th, Sheriff Garrison obtained a search warrant to search appellant's home. As a result of that search Sheriff Garrison found several packages of marijuana and some marijuana seed stored as if to be used for the next year's planting. The sheriff also found that appellant's boots matched the plaster prints he had taken near the plants earlier in the year.

Appellant signed a confession in which he admitted that he grew the marijuana plants found and the marijuana plants at two other locations.

Sheriff Garrison identified each exhibit taken from appellant's home and testified that appellant described some of the Marijuana packets taken as selling for five dollars.

Deputy Sheriff Leroy Broadway testified that appellant said: ". . . after we had talked to him—he said we outsmarted him and if you was going to dance you had to pay the fiddler."

Kenneth R. McKee, supervisor over the narcotics section of the Arkansas State Police testified that he had

been dealing with marijuana violators since 1955. He then identified the plants grown and taken from appellant's home as marijuana.

POINT I. We find no merit in the contention that the court erred in permitting Sheriff Garrison and Kenneth R. McKee to qualify as expert witnesses to identify marijuana. In the first place there was no objection to their testimony on that basis. Furthermore, their experience would qualify them to identify marijuana by sight and smell. See *Miller* v. *State,* 168 Tex. Crim. 570, 330 S.W. 2d 466 (1959), and *State* v. *Franco,* 76 Utah 202, 289 P. 100 (1930). In the last mentioned case the court said:

> "Objections were made to the testimony of the officers that the stuff contained in the sack and in the cans was marijuana on the ground that the witnesses were not qualified to state what the substance was. The rulings on these objections are assigned as error. In view of the testimony of the officers showing the experience they had in searching for and obtaining marijuana, the court did not err in permitting them to testify. The marijuana seized was introduced in evidence, and is shown to be not an extract or preparation which may be difficult or impossible of characterization without chemical analysis, but the dried leaves, stems, and seeds of the plant. One reasonably familiar with the plant should be able to identify it by its appearance. However, the state very properly did not rest its case as to the character of the drug upon the officers' testimony. The sack and cans were taken to the state chemist who examined and analyzed their contents, and testified that it was marijuana."

POINT II. Sheriff Garrison identified each item of evidence introduced that came from the search of appellant's home. The other evidence he identified as being a picture or replica of that which he had personally observed. Furthermore, the objection now made was not raised in the trial court. Such objections cannot be raised for the first time on appeal.

POINT III. Appellant here contends that his trial counsel failed to adequately represent him. Some of the

matters of which he complains involve trial strategy such as asking or not asking for an instruction on a defendant's failure to take the witness stand in his own behalf. Other contentions are that counsel permitted the sheriff to identify the substances as marijuana without qualifying him as an expert or without requiring a chemical analysis. We find no merit to these contentions. Not only did Sheriff Garrison observe the growth and cultivation of the marijuana plants and make plaster casts of foot prints fitting appellant's boots but appellant signed a confession admitting that he was growing marijuana. Under those circumstances there is not a lot of help a lawyer can give to a defendant except to ask for mercy on the penalty to be imposed.

Affirmed.