Donald C. POOLE and Clara J.
POOLE *v.* STATE of Arkansas

CR 77-35                                    552 S.W. 2d 647

Opinion delivered July 5, 1977
(Division II)

*Hamilton H. Singleton,* for appellants.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellants Donald C. Poole and Clara J. Poole were convicted of obtaining property by false pretense, to-wit, food stamps in violation of Ark. Stat. Ann. § 41-1901 (Supp. 1975). For reversal they raise the issues hereinafter set forth.

POINT I. The record shows that Clara J. Poole was a caseworker in the Camden office of the Department of Social Services and her duties consisted of interviewing food stamp applicants. It was the State's contention that appellants obtained food stamps under false pretenses by causing food stamps to be issued illegally and to fictitious persons through the use of falsified records. One of the witnesses called by the State was Gemeta S. Dunn McDore. Mrs. McDore testified that she registered for the food stamps at the request of Clara J. Poole. Mrs. McDore's testimony was that after she obtained the food stamps, she turned half of the stamps over to Donald C. Poole and then purchased his half for $30.00. The cross-examination was on the theory that the scheme for obtaining the food stamps was that of Mrs. McDore alone. During redirect examination Mrs. McDore was asked if she had a recent conversation with Clara J. Poole. Mrs. McDore then testified that shortly before the trial Clara J. Poole had made an inquiry as to what the investigator had asked her and that after she told Poole that she didn't remember, Poole replied that McDore had to remember because if Poole went to jail, McDore would too. Appellants objected at the time on the basis of hearsay. They now contend that such evidence is not relevant being in effect, an attack upon the character of Clara J. Poole. We find no merit to either contention.

Such testimony is obviously not hearsay within the definition given in Rule 801 of the Uniform Rules of Evidence. See 29 Ark. L. Rev. 1, 33. Furthermore, the

testimony was relevant to prove intent, knowledge or absence of mistake. See Rule 404, Ark. Stat. Ann. § 28-1001 (Non-cum. Supp. 1976).

POINT II. Appellants contend that it was hearsay and error for the trial court to permit Ann Hall, an investigator, to tell that when she was first assigned to the case that the person doing the assigning reported that there were eighteen questionable food stamp cases in the Camden office. While such testimony may properly be classified as hearsay, it is not excluded under the hearsay rule for the simple reason that it was not introduced to prove the truth of the matter asserted but as an introduction to the main matter by way of an inducement for the witness to act — *i.e.* to explain why the witness started an investigation or went to a certain place. *Trotter* v. *State,* 215 Ark. 121, 219 S.W. 2d 636 (1949).

POINT III. The bulk of the State's case against applicants was proved through two investigators, Ann Hall and Floyd Durham. Over the hearsay objection of appellants, Ann Hall was permitted to testify, among other things, that her investigation showed that Mary Lee Holmes to whom Clara J. Poole had issued food stamps was a fictitious person and that while Mary Lee Holmes listed her place of employment as Camden Manufacturing Company, her investigation showed that Camden Manufacturing Company had no such employee on its payroll at any time. Similar testimony was permitted to show what Ann Hall's investigation showed with reference to the records of the Camden Water Department files. Mr. Durham was permitted to testify that his investigation revealed that of the questionable food stamp cases there was given either a non-existent social security number or a social security number assigned to a person other than the named applicant. To support the action of the trial court, the State relies upon Ark. Stat. Ann. § 28-1001 Rules 803(7) and (10). However, it appears to us that the testimony elicited falls within the category set forth and excluded by Rule 803(8) as an investigative report of a law enforcement person. Rule 803(8) insofar as it excludes reports of the police, or other law enforcement personnel, complies with our previous holdings that negative evidence may be received when it is proved by those familiar with the records, *Duren* v.

*Arkansas State Board of Optometry,* 211 Ark. 565, 201 S.W. 2d 578 (1947). Since the record shows that the two investigators here involved were not sufficiently familiar with the records about which they testified to state a fact as to what the records showed, we must agree with appellants that the trial court erred in failing to sustain their hearsay objection.

POINT IV. Appellants also complain of certain remarks of the prosecuting attorney and the trial judge, but since they will not necessarily arise in the same manner on a new trial, we need not reach those issues.

Reversed, and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.