Ross Allen MILBURN *v.* STATE of Arkansas

CR 77-90                                    555 S.W. 2d 946

Opinion delivered October 3, 1977
(Division II)

*Skillman, Durrett & Davis,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of possession of marijuana with intent to deliver and on appeal we reversed. *Milburn v. State,* 260 Ark. 553, 542 S.W. 2d 490 (1976). Upon retrial the court, sitting as a jury, found appellant guilty of the same offense and assessed his punishment at nine years' imprisonment and a fine of $15,000. Appellant contends that the evidence was insufficient "to identify beyond a reasonable doubt that a green vegetable material" introduced into evidence was marijuana and, therefore, he was entitled to a directed verdict. Of course, on appellate review, it is firmly established that we consider only that evidence which is most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. *Neal v. State,* 259 Ark. 27, 531 S.W. 2d 17 (1975).

Here the issue is whether the substance seized from

appellant was marijuana. Approximately nine pounds of green vegetable material were found in the trunk of appellant's car and on his person by a police officer. This officer testified that, based on his training and experience, the material was marijuana. The material was analyzed at the Arkansas Department of Health, using three tests; i.e., microscopic, Duquenois - Levine and thin layer chromatography. The state's expert witness testified that these tests by him produced positive results for marijuana. However, appellant's expert witness maintains these tests are individually and collectively insufficient to identify "beyond a reasonable doubt" the material as marijuana. Appellant recognizes that it is usually concluded by forensic analysts that the microscopic test, combined with the Duquenois-Levine color test, is specific for marijuana. Admittedly, appellant's expert witness did not test the material as to whether it was marijuana and could not confirm or refute that it was marijuana. It was for the court, sitting as a jury, to resolve any conflicts in the evidence and the credibility of the witnesses. In our view there is ample substantial evidence, when viewed most favorable to the appellee, to support the verdict.

However, we are not unmindful of appellant's argument that the results of the tests made by the state's expert witness wdre inadmissible hearsay or a violation of the best evidence rule. The state's expert witness testified that the contraband he tested at the state laboratory was identical to the marijuana sample afforded the laboratory by the U.S. Drug Enforcement Administration. Appellant contends that since the state's expert witness did not test the reference standard himself or have personal knowledge that it was marijuana, his testimony as to the results of his tests was based upon what others had told him and, therefore, inadmissible hearsay. In *Ark. State Highway Comm. v. Russell*, 240 Ark. 21, 398 S.W. 2d 201 (1966), where a proper foundation is laid, we said: "It has repeatedly been held that expert or lay testimony is competent even though it is based wholly or partly upon hearsay." Further, when an expert witness customarily relies upon reports or the standards in the practice of his profession, his testimony is admissible. 32 C.J.S. Evidence § 546. Here the state's chemist was familiar with the custom of his laboratory and those in other states to verify or validate a

reference sample, as here, before using it. In the case at bar, a proper foundation was established and we cannot say the trial court abused its discretion in holding the expert chemist's testimony admissible.

It is next argued that the court erred in admitting the testimony of the arresting officer pertaining to his aural and visual identification of the green material he confiscated. It is contended that the officer was not competent to give his opinion and, further, his testimony was based upon inadmissible hearsay. Here the arresting officer, a six year veteran of the State Police, was experienced in detecting marijuana smoke and plants in various forms; had testified in court on numerous occasions in the identification of marijuana; and had special training in detecting and identifying marijuana. When he arrested appellant, he could detect the odor of marijuana smoke about the car and his clothing. He observed and removed the material in evidence from appellant's automobile and his person. The trial court correctly held that the officer was competent to state his opinion. *Gordon* v. *State*, 259 Ark. 134, 529 S.W. 2d 330 (1976); and *Sims* v. *State*, 255 Ark. 87, 499 S.W. 2d 54 (1973).

It seems unfortunate that we are constantly expressing our disapproval whenever an attorney testifies in an action in which he is an advocate. The frequency with which this becomes necessary is delineated by the citations in *Canal Ins. Co.* v. *Hall*, 259 Ark. 797, 536 S.W. 2d 702 (1976). Here it appears the state's expert chemist was searchingly and thoroughly cross-examined by appellant's chief trial counsel, who is a forensic expert analyst in the area of marijuana identification. Upon completion of the state's case, this attorney, over the state's objection, was permitted to take the witness stand in the role of an expert defense witness and testify as to whether the state had sufficiently identified the material as marijuana. It appears from the brief that this attorney is the chief appellate counsel which is also impermissible. Even though the attorney is a non-resident attorney, we consider this a flagrant violation of a clear directive that an attorney cannot be an advocate and witness in the trial of a case and neither can he participate in the appellate procedure.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.