Robyn Lynne CRAIN *v.* STATE of Arkansas

CA CR 79-132, 133, 134                    594 S.W. 2d 863
Court of Appeals of Arkansas
Opinion delivered February 20, 1980
Release for publication March 12, 1980

*McArthur & Lassiter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein, Asst. Atty. Gen., for appellee.*

ERNIE E. WRIGHT, Chief Judge. Appellant was charged by three separately filed informations with three separate violations of Ark. Stat. Ann. § 82-2617 (Repl. 1976) for felonious delivery of controlled substances. Trial by jury was waived and the three charges were consolidated and tried before the court. The trial court found appellant guilty as charged on each of the three counts and imposed a sentence of fifteen years imprisonment with five years suspended on the charge of delivery of hydromorphone and a ten year suspended sentence on each of the two charges for delivery of heroin.

The only issue on appeal is the sufficiency of the evidence to support the verdicts.

To support the charge that appellant unlawfully and feloniously delivered heroin, a controlled substance, on or about April 17, 1978, Officer Hicks, a narcotics officer with the North Little Rock Police Department, and Rebecca Nease, who was cooperating with the police department, testified appellant delivered to her a package which was supposed to be heroin in the presence of Officer Hicks and she paid to appellant $100.00 provided by the officer. Officer Hicks gave similar testimony and quoted appellant as saying the, "Heroin was good stuff, not like the cheap stuff on the streets at this time." Officer Hicks testified he delivered the substance to the State Crime Lab for analysis. The package containing the substance was introduced in evidence. An expert witness with the State Crime Lab testified he analyzed the substance in question and the result was positive for heroin. The appellant contends the evidence is not sufficient because Ms. Nease testified she was told by the police they would not pursue some charges against her if she would work with them. Officer Hicks denied such promise.

The appellant contends this conflict in testimony of the two state witnesses casts doubt on the credibility of the witnesses.

The credibility of witnesses is for the trial court to determine, and if there is substantial evidence to support the verdict we affirm. *Milburn v. State,* 262 Ark. 267, 555 S.W. 2d 946 (1977).

The conflict in evidence to which appellant refers did not relate to a material issue in the case.

Appellant contends the evidence is insufficient to support the verdicts on the other two charges because only the testimony of Officer Fulks of the Little Rock Police Department and the State Crime Lab Chemist was presented to establish the charges. The testimony was quite clear and detailed in establishing that appellant delivered controlled substances prohibited by § 82-2617 to the officer in return for money. A witness who was with the officer on each occasion was not called to testify. There is no indication the testimony of the witness not produced would be anything other than cumulative. It was held in *Parker* v. *State,* 265 Ark. 315, 578 S.W. 2d 206 (1979), that where there is no such indication there is no presumption or inference the testimony of the witness not called would be adverse to the state, and the state is not obligated to present cumulative evidence.

The appellant offered no evidence, and we find there was substantial evidence to support the verdicts on each count.

Affirmed.