James Lee DAVIS *v.* STATE of Arkansas

CA CR 80-58                                        609 S.W. 2d 109
Court of Appeals of Arkansas
Opinion delivered December 17, 1980

*Elrod & Lee*, for appellant.

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., for appellee.

MARIAN F. PENIX, Judge. Appellant, James Lee Davis, was driving from his place of employment, Chickasha, Oklahoma, to his home in Siloam Springs, Arkansas on September 29, 1978. An officer of the Delaware County, Oklahoma police force stopped Davis in Benton County, Arkansas. He gave Davis a choice of returning to Jay, Oklahoma or of being arrested in Arkansas. The Oklahoma officer radioed the Siloam Springs Police Department and Officer Dennis Johnson was sent to investigate. Officer Johnson determined Davis had been drinking. He arrested Davis and they proceeded to the Siloam Springs Memorial Hospital where a blood test for alcohol was administered. Davis was charged with driving while intoxicated and possessing un-

taxed liquor. Davis was convicted on October 3, 1978, in the Siloam Springs Municipal Court. He appealed to the Benton County Circuit Court. After a trial de novo he was convicted on February 6, 1980. From this conviction, he appeals.

Davis contends the Court erred in refusing to grant his motion to dismiss which was made on the grounds the City offered no proof or probable cause for Davis having been stopped by the Oklahoma officer. Officer Johnson testified when he arrived at the scene Davis was standing outside his car. He testified Davis admitted he had been drinking. The record reflects there was another passenger in Davis' car. The State contends the probable or reasonable cause arose from Officer Johnson's own observations of Davis and his smelling the alcohol on and about Davis' person as they stood beside his car. The State also contends Johnson's testimony as to what the Oklahoma officer told him is not hearsay because it was offered not to prove the truth of the matter asserted, but as an introduction to the main matter by way of an inducement of the witness to act — i.e., to explain why Officer Johnson started an investigation or went to the highway where Davis was stopped.

Davis contends the burden of proof lies with the State and that the State has not met its burden of proving probable cause for the arrest and charge of driving a vehicle while intoxicated.

Rule 4.1 of the Arkansas Rules of Criminal Procedure provides:

Authority to Arrest Without Warrant.
(a) A law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed . . .
(ii) A traffic offense involving: . . .
(C) *driving* a vehicle while under the influence of any intoxicating liquor or drug; . . . (Emphasis Ours).

The Appellant testified he was driving his car from work at Chickasha, Oklahoma to Siloam Springs, Arkansas. He further testified the Oklahoma Officer who stopped him

told him he was holding up traffic driving forty miles an hour in a forty-five mile zone. He testified he was employed as a construction worker on highlines, and because of the highly dangerous work, he always drank a beer after work to help relax.

We find sufficient reasonable cause for placing Davis under arrest. The arresting officer had reasonable cause to go to the scene of the arrest because an Oklahoma officer had radioed him to come to the scene. Upon arriving at the scene he detected Davis was under the influence of alcohol. He detected this from his own observation and from a direct sensory impression. He observed a bottle of alcoholic beverage in Davis' automobile under plain sight. Davis never once contended he had not been the one driving his car when he was pulled over by the Oklahoma officer. The statements of the Oklahoma officer are exceptions to the hearsay rule. They were offered into evidence to explain why Officer Dennis Johnson went to the scene in the first place. *Poole & Poole v. State*, 262 Ark. 4, 552 S.W. 2d 647 (1977); *Powell* v. *State*, 231 Ark. 737, 332 S.W. 2d 483 (1960); *Trotter* v. *State*, 215 Ark. 121, 219 S.W. 2d 636 (1949).

Affirmed.