Jerry Dale LLEWELLYN *v.* STATE of Arkansas

CA CR 81-151                                   630 S.W. 2d 555

Court of Appeals of Arkansas
Opinion delivered March 31, 1982

*William H. Craig* and *John H. Adametz, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. Appellant urges two points for reversal of a jury verdict finding him guilty of possession of marijuana with intent to deliver. He contends: (1) It was error to permit a chemist to testify about the findings of another chemist who received and tested the suspected contraband in issue;[1] and (2) The evidence is not sufficient to support the verdict.

At trial, the State offered the testimony of the drug laboratory supervisor, a superior of the chemist who actually received and tested the substance. The supervisor testified about the regular practices and procedures used by other chemists in the laboratory. He admitted, however, that he was not present when the substance in this case was delivered to the Crime Laboratory. Nor did he have any personal knowledge of the receipt or testing of the substance. Appellant contends the supervisor's testimony was inadmissible hearsay and should have been excluded pursuant to Rule 803 (8) of the Uniform Rules of Evidence. We agree.

Rule 803 (8) in pertinent part provides:

... The following are not within this exception to the hearsay rule: (i) investigative reports by police and other law enforcement personnel; (ii) investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party; *(iii) factual findings offered by the government in criminal cases; (iv) factual findings resulting from special investigation of a particular complaint, case, or incident;* and (v) any matter as to which the sources of information or other circumstances indicate lack of trustworthiness. [Emphasis supplied.]

The record clearly reflects that the supervisor testified concerning factual findings of another chemist, whose findings were a direct result of the investigation of criminal

---

[1]Based on this testimony, the substance identified as marijuana was admitted into evidence. Appellant's argument also challenges the introduction of the substance.

charges filed against appellant. Indeed, these findings were offered by the State at his trial on these charges. We have no doubts that this testimony was excludable under Rule 803 (8) (iii) and (iv).

We find no Arkansas case which specifically construes or applies Rule 803 (8) (iii) and (iv) to a fact situation such as we have here.[2] However, the Court in *United States* v. *Oates,* 560 F. 2d 45 (2nd Cir. 1977), considered the comparable Federal Rule of Evidence when it decided a case which posed facts strikingly similar to those before us.

In *Oates,* the defendant was charged with possession of heroin with intent to distribute. At trial, the Government did not call the chemist who analyzed the substance. Rather, it relied upon the "business records exception" of Rule 803 (6) and introduced the chemist's reports and worksheets through the testimony of another Government chemist, who had no personal knowledge about the analysis in question. In an extensive, well-reasoned opinion, the appellate court held the chemist's reports were hearsay and were ineligible to qualify for any exception to the hearsay rule. Specifically, the Court characterized the chemist's reports and worksheets as "factual findings resulting from an investigation made pursuant to authority granted by law," and, in doing so, it held the documents inadmissible under Rule 803 (8) (B) of the Federal Rules of Evidence. The appellate court also rejected the Government's contention that Rule 803 (24) was authority for the admissibility of such documents, an argument the State urges in the case at bar as well.

We believe the Court in *Oates* was correct in its construction and application of Rule 803 (8) (B) as well as its consideration of the other Federal Rules dealing with hearsay exception. Our study of Arkansas' Rule 803 (8)

---

[2]Our courts on two occasions have considered Rule 803 (8) insofar as it excludes reports of the police or other law enforcement personnel. In both instances, the reports were held inadmissible hearsay. See *Wallin* v. *Insurance Company of North America,* 268 Ark. 847, 596 S.W. 2d 716 (Ark. App. 1980), and *Poole* v. *State,* 262 Ark. 4, 552 S.W. 2d 647 (1977) (Supreme Court excluded testimony of State investigators who were not sufficiently familiar with records about which they testified).

reveals that we have adopted a much more detailed and restrictive version of the comparable Federal Rule. In view of these added restrictive provisions to Arkansas' Rule 803 (8), particularly items (iii) and (iv), we are compelled to hold the trial court erred in admitting the supervisor's testimony concerning the factual findings contained in another chemist's report.

In reaching our decision, we also find no merit in the State's argument that the supervisor's testimony was admissible under Rule 803 (24) of the Arkansas Uniform Rules of Evidence. As we previously noted, this contention was rejected by the court in *United States* v. *Oates, supra,* and we do so here. We are unable to accept the argument that the supervisor's testimony is entitled to any additional guarantees of trustworthiness, especially in view of the undisputed fact that he has no personal knowledge of the drug tests which were relevant and necessary to the presentation of the State's case against appellant. Regardless of how trustworthy the supervisor may be in relating general procedures in their handling such matters, the appellant is still denied his right to confront and cross-examine the witness who had personal knowledge of the drug tests conducted in this case.

The State next argues that even though the supervisor's testimony may be inadmissible, the other evidence presented by the State at trial was sufficient to establish that the substance involved was marijuana. Thus, disregarding the testimony pertaining to the drug tests and the chemist's findings, the State contends there is substantial evidence to support the verdict. At the same time, appellant contends the State's evidence is not sufficient to support the verdict.

On appellate reivew, when a challenge is made to the sufficiency of the evidence, it is only necessary to ascertain the evidence which is most favorable to the State. If there is any substantial evidence to support the verdict, we affirm. *Hughes* v. *State,* 3 Ark. App. 275, 625 S.W. 2d 547 (1981), and *Lunon* v. *State,* 264 Ark. 188, 569 S.W. 2d 663 (1978). Substantial evidence must be forceful enough to compel a conclusion one way or the other beyond suspicion or

conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W. 2d 748 (1980).

From the record we find the State's confidential informant and a law enforcement officer negotiated a sale and purchase of marijuana with a man named Johnny Miller. Although appellant did not personally participate in the discussion or negotiation of the proposed sale, he appeared but remained in Miller's van while Miller departed the van to discuss this drug deal with the informant and officer. The officer agreed to buy twenty pounds of marijuana from Miller, and Miller agreed to deliver it in his van. At the prearranged time and place of delivery of the marijuana, Miller met with the officer and informant. He got out of the van and then advised the officer that he could purchase fourteen pounds of marijuana for $2,500. The officer agreed to the price and quantity. Then Miller advised the officer he needed help to load the marijuana, and apparently the informant agreed to assist. Miller and the informant got in the van and left. The appellant was not seen in the van at this time.

Approximately ten minutes later, Miller reappeared driving his van, and the officer observed the appellant in the front passenger seat. Miller got out of his van carrying a paper sack to the officer and then told the officer, "There's fourteen of them." The officer opened the bag and saw a green vegetable material which appeared to be marijuana. The officer then stated he wanted to see the rest of it and Miller informed him it was in the van. The officer testified that when he opened the doors to the van, he detected a strong odor of what he thought was marijuana. The officer also saw a third person in the van who was in the possession of a Remington model 1100 shotgun. After the officer viewed other bags of marijuana in the van, he signaled to other police officers who were monitoring the sale. After shots were fired and a skirmish ensued, the appellant, Miller, and the third person in the van were arrested. The officer who was involved in the sale then proceeded to package fourteen bags containing the vegetable material he identified as marijuana. He testified he placed the bags in a large sack and

personally took them to the Arkansas State Crime Lab for analysis.

We find the foregoing evidence is sufficient to establish the elements of unlawful possession of a controlled substance with the intent to deliver. These elements may be established by circumstantial as well as direct evidence. *Cary* v. *State*, 259 Ark. 510, 534 S.W. 2d 230 (1976). Moreover, neither exclusive nor physical possession is necessary to sustain a charge if the place where the offending substance is found is under the dominion and control of the accused. In so holding, the court in *Cary*, quoting from *People* v. *Williams*, 95 Cal. Rptr. 530, 485 P. 2d 1146 (1971), said:

> *** Constructive possession occurs when the accused maintains control or a right to control the contraband; *possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another.* [Emphasis supplied and citation omitted.]

In sum, appellant was present at the time the sale was negotiated and when the substance was delivered. Immediately before Miller delivered the substance, he told the officer he needed help in loading the marijuana. When the substance was delivered, the officer said that Miller gave him a bag with green vegetable material which appeared to be marijuana. The officer then opened Miller's van, detected a strong odor of what he thought to be marijuana and later packaged fourteen bags of the vegetable material. Even though appellant was present during all these events, he claims the evidence is insufficient to show he was not an active participant in the offense charged. We simply cannot agree.

We see little difference in the facts here to distinguish this case from *Hartman* v. *State*, 258 Ark. 1018, 530 S.W. 2d 366 (1975). In *Hartman*, the defendant never talked to the police officers, drove either of the cars involved or transferred the marijuana from one car to the other. The evidence

showed the defendant was present on two occasions when a codefendant participated in the drug deal with the officers. This was held sufficient evidence from which the trial court, the trier of facts, could reasonably infer that the defendant was an active participant in the alleged offense.

The evidence, both direct and circumstantial, also establishes appellant and Miller were in the van which contained the contraband, and it was reasonable for the jury to infer they had joint dominion and control of the marijuana. There is no doubt that the officer was competent to testify to his aural and visual identification of the green vegetable material which was confiscated. See *Milburn* v. *State,* 262 Ark. 267, 555 S.W. 2d 946 (1977), and *Moser* v. *State,* 262 Ark. 329, 557 S.W. 2d 385 (1977). Moreover, Miller, only ten minutes before he returned with the green vegetable material in his van, told the officer that he needed help to load the marijuana. This statement and others made by Miller in the course of the transaction were admissible as being statements of a co-conspirator. See *Foxworth* v. *State,* 263 Ark. 549, 566 S.W. 2d 151 (1978). We believe the evidence was more than sufficient to support the jury's verdict.

Although we conclude there was sufficient, competent evidence to sustain the verdict, we can only speculate as to whether the inadmissible evidence introduced through the chemist influenced the jury's decision. For instance, whether the officer's identification of the vegetable material as marijuana was bolstered by the chemist's testimony, we cannot say with any degree of confidence. The rule is that error in the trial is presumed to be prejudicial unless it is affirmatively shown otherwise. Here, we cannot conscientiously say that the chemist's testimony had no prejudicial effect upon the jury's consideration of the case. Consistent with our decision in *Vowell* v. *State,* 4 Ark. App. 175, 628 S.W. 2d 599 (1982), we reverse and remand this cause for a new trial.

Reversed and remanded.

CLONINGER, J., would affirm.