Robbie ARMSTRONG *v.* STATE of Arkansas

CA CR 81-143                                   633 S.W.2d 51

Court of Appeals of Arkansas
Opinion delivered May 19, 1982

*William R. Simpson, Jr.,* Public Defender, and *Jeff Rosenzweig,* Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant was found

guilty of obtaining a controlled substance with a fraudulent prescription in violation of Ark. Stat. Ann. § 82-2619 (2) (Repl. 1976). The jury fixed her sentence at fifteen years as a habitual offender and a fine of $5000. On appeal, it is contended that the evidence was insufficient to support the conviction. We believe the evidence was sufficient and we affirm.

On September 2, 1980, appellant presented a prescription for Tussionex, a Schedule III narcotic cough suppressant, at Baker Drug in North Little Rock. The prescription was written on a St. Vincent prescription pad and bore what purported to be the signature of Dr. Jess Clanton. Because the writing on the prescription pad was out of the ordinary and because he knew Tussionex to be a frequently abused substance, the pharmacist telephoned the North Little Rock Police. The pharmacist then filled the prescription from his larger pharmaceutical container of Tussionex and the prescription bottle was given to appellant. Appellant was arrested as she left the pharmacy and the bottle was seized.

At trial, appellant objected to the testimony of the pharmacist that the substance in the prescription bottle was Tussionex. She based her objections on the grounds that the substance had not been scientifically and chemically tested and she asserted there, and asserts here, that the state failed to prove that she obtained a controlled substance. We know of no Arkansas case which requires chemical analysis as a precondition to the identification by a pharmacist of a substance which he dispensed. Appellant cites only one case, *Lee* v. *State*, 264 Ark. 384, 571 S.W.2d 603 (1978), in support of this contention. That case is readily distinguishable.

Lee was charged with the theft of four men's suits. The only testimony as to the value of the property stolen was that of a store security guard, who based his valuation on the price tags he had observed on the suits. The court held this to be inadmissible hearsay, but noted "no salesperson or any other employee, who had knowledge of the property's value from the business books or records of the store, was called as a witness."

An argument similar to appellant's was made in *United States v. Dolan,* 544 F.2d 1219, 1221 (4th Cir. 1976) where the court said "lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identify [sic] of the substance involved in an alleged narcotics transaction." The court added:

> Such circumstantial proof may include evidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence. (Citations omitted.)

In *Moser v. State,* 262 Ark. 329, 557 S.W.2d 385 (1977), the Arkansas Supreme Court sustained a conviction where the substance involved had not been chemically analyzed and said lay testimony was "competent evidence." In the instant case we have the testimony of a licensed pharmacist who testified that he filled the prescription bottle from his larger container of Tussionex. Obviously he relied upon the representations of the supplier of the larger container in giving his opinion, but this is in keeping with *Milburn v. State,* 262 Ark. 267, 555 S.W.2d 946 (1977), and is authorized by Uniform Evidence Rule 703. In *Dixon v. Ledbetter,* 262 Ark. 758, 561 S.W.2d 294 (1978) the court quoted from Field, *A Code of Evidence for Arkansas,* 29 Ark. L. Rev. 1, 30 (1975) as follows:

> The plain intention of the rule is to bring judicial practice into line with the practice of experts themselves when not in court. For example, a physician in his own practice bases his diagnosis on information from a variety of sources such as hospital records, X-ray

reports, statements by patients, and reports from nurses and technicians.

We can take judicial notice that manufacturers and suppliers of pharmaceutical products are subject to numerous laws and regulations as are the pharmacists who dispense those products. We also know that the medical profession and the public rely on these professionals in life and death situations.

If lay testimony and circumstantial evidence are sufficient to sustain a conviction where the controlled substance has not been chemically analyzed as in *Dolan* and *Moser*, we have no trouble holding, under the circumstances of the instant case, that the evidence is sufficient to sustain the appellant's conviction.