Lee D. NARD v. STATE of Arkansas

CR 90-111                                           801 S.W.2d 634

Supreme Court of Arkansas
Opinion delivered December 17, 1990
[Supplemental Opinion on Denial of Rehearing
January 22, 1991.*]

*Corbin and Brown, JJ., not participating.

*Thomas A. Potter*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is a criminal case in which appellant was convicted on three counts of delivery of cocaine arising out of alleged transactions on May 30, 1989, July 12, 1989, and August 18, 1989. He was sentenced to forty years and a $25,000 fine on each count, and the terms of imprisonment were set to run concurrently. On appeal, appellant raises two points for reversal.

Appellant first complains that, in trying one of the three charges against him, *viz.*, the August 18 transaction, the prosecutor failed to comply with Ark. Code Ann. § 12-12-313(d)(1) (Supp. 1989). Simply put, the prosecutor, in attempting to prove one of the three charges against the appellant, improperly introduced a chemical analysis report through Norman Kemper, a chemist with the State Crime Laboratory, who had not personally performed the analysis.[1] The analysis report was purportedly prepared by Keith Kerr, another chemist who worked in the laboratory. In introducing the report, the state had Kemper acknowledge Kerr's signature, which appeared at the bottom of the report, and further had him relate that Kerr was a certified drug chemist who had worked in the crime laboratory for the past three years. Citing § 12-12-313(d)(1), appellant objected to the report's introduction because the report had not been properly attested. The trial court overruled appellant's objection, indicating the report's introduction had been previously decided in "pre-trial."

In explanation of the trial court's "pre-trial" remark, our review of the record reflects that, before lunch break on the day of trial, the prosecutor informed the trial court that Kerr could not testify due to a scheduling conflict that made him a witness elsewhere in the state. The prosecutor stated that, in lieu of Kerr's live testimony, he would introduce Kerr's report pursuant to § 12-

---

[1] Kemper performed the tests on the substances obtained in the other two drug transactions with which appellant was charged, and appellant does not challenge the testimony and evidence underlying those charges.

12-313(d)(1), after deleting a reference to another case mentioned in the report. The trial court asked if there was any objection to the report if the deletion was made. The appellant responded, "No." The state argues the appellant should have objected at this time rather than doing so later when the report was offered during Kemper's testimony. In other words, since appellant did not object at the first opportunity to the report's introduction, the state claims he waived his objection. *See Asher* v. *State*, 303 Ark. 202, 795 S.W.2d 350 (1990); *Boone* v. *State*, 282 Ark. 274, 668 S.W.2d 17 (1984).

We reject the state's contention. Upon revealing his inability to present Kerr as a witness, the prosecutor informed the trial court and appellant that he would introduce Kerr's report under § 12-12-313(d)(1) and specifically indicated that the report would be duly attested. While appellant interposed no objection at this initial opportunity, it nowhere appears in the record that appellant was aware that the report to be offered by the state would not be properly attested. When the state actually introduced the report at trial, appellant objected the report did not, in fact, comply with § 12-12-313(d)(1) because it merely contained a certification, not an attestation or "language to the effect [the report] was sworn to." Thus, under these circumstances, we believe the appellant's objection was timely.

In addressing appellant's first argument, we note § 12-12-313(a) (Supp. 1989) provides that, subject to the rules of criminal procedure, courts shall receive drug analysis reports as competent evidence when the reports are duly attested to by the executive director or his assistants, associates, or deputies. Section 12-12-313(d)(1) further provides as follows:

> (d)(1) All records and reports of evidence analysis of the State Crime Laboratory shall be received as competent evidence as to the facts in any court or other proceeding when duly attested to by the employee who performed the analysis.

Here, the disputed drug analysis report reflected Kerr's signature and it was stamped with the words "This is a True and Certified Report of the Analysis of the Indicated Sample." Superimposed on these words was a notary seal and the signature of "R.L. Keith," notary public. The question arises as to whether

this certification and notarization satisfies the "duly attested to" requirement under § 12-12-313(d)(1). We hold the state's report was not attested in the manner contemplated by § 12-12-313(d)(1).

Attest has been defined as follows: "To bear witness to, certify; declare the truth of, in words or writing, esp. affirm in an official capacity; to attest the truth of a statement." *See The Random House Dictionary of the English Language.*

Section 12-12-313(a) and (d)(1) clearly permitted Kerr's chemist report to be admitted into evidence for the truth of the findings and statements contained in it if Kerr had attested to their validity. In fact, the General Assembly appears to have provided this exception for the introduction of this type governmental report in criminal proceedings, assuming it meets the prerequisites of the statute; otherwise, such reports are considered inadmissible hearsay under Rule 803(8)(iii) of the Uniform Rules of Evidence. *See also Llewellyn v. State*, 4 Ark. App. 326, 630 S.W.2d 555 (1982) (the court of appeals, citing Rule 803(8), affirmed the trial court's exclusion of a chemist's report as inadmissible hearsay because the testifying witness, the supervisor of the State Crime Laboratory, did not have any personal knowledge of the drug testing done by the chemist who performed the tests and prepared the report.)

■ Considering the major purposes of § 12-12-313, to allow hearsay reports under limited conditions, we feel confident that the General Assembly intended for the phrase "duly attested to" to require more than the mere signature of the person or chemist who performed the analysis, as was the situation here. Undoubtedly, some indicia of truthfulness must attend such a report's admissibility when it is introduced into a criminal proceeding as competent evidence. That assurance of truthfulness can best be given by the one who performed the tests and made the analysis as is provided by § 12-12-313(d)(1).

Before leaving this first point, we note the state's alternative argument that even if the report was not admitted properly under § 12-12-313(d)(1), there was no prejudice because the police officer involved in the drug transaction testified and could identify the substance. *See Milburn v. State*, 262 Ark. 267, 555 S.W.2d 946 (1977). While such testimony of an officer may be elicited so

as to prove an item to be a controlled substance, the state in this case never asked the officer to give her opinion as to whether the substance she purchased and obtained through appellant's assistance was cocaine.

We do agree with the state's argument that its failure to prove the one drug charge against appellant does not require the reversal of the other two counts. The state presented strong proof to establish appellant's guilt as to these other drug delivery charges, and we have held that when a judgment in a criminal case is correct as to the one count but erroneous as to another, this court has the power to sever the judgment and affirm the count(s) upon which there was a proper conviction and reverse the other count. *Martin* v. *State*, 290 Ark. 293, 718 S.W.2d 938 (1986). From our examination of strong evidence in this case, we believe the jury's verdict giving the maximum penalty on the other two counts to run concurrently was not affected by the one erroneous conviction which we hold must be reversed. *See Id.*; *Lee* v. *Lockhart*, 754 F.2d 277 (8th Cir. 1985).

In his second point, appellant contends Officer Barbara Crow's rebuttal testimony was improper and therefore reversible error. Appellant's defense was that he never sold, purchased or delivered any cocaine, and he had never seen Officer Crow who testified he had. Appellant's wife, Jannette, corroborated her husband's story and specifically denied having met Crow during one of the drug transactions. The state called Crow to rebut Jannette's version. Clearly Crow's testimony involved a collateral matter, *viz.*, whether she had ever met appellant's wife during one of the drug deals. We have held that a witness cannot be impeached on a collateral matter by calling another witness to contradict the testimony of the first witness. *Kellensworth* v. *State*, 275 Ark. 252, 631 S.W.2d 1 (1982).

Although we agree, and the state seems to conclude, that Crow's rebuttal testimony was error, we cannot agree such error requires reversal. This court will not reverse a conviction for an error which is unaccompanied by a showing of prejudice. *Richmond* v. *Smith*, 302 Ark. 498, 791 S.W.2d 691 (1990); *Goldsmith* v. *State*, 301 Ark. 107, 782 S.W.2d 361 (1990). Here, appellant simply failed to show any prejudice resulting from Crow's rebuttal testimony.

For the reasons given above, we reverse and dismiss the one delivery of cocaine count that allegedly occurred on August 18, 1989, but affirm the remaining two convictions and sentences.

## SUPPLEMENTAL OPINION OF DENIAL OF REHEARING

### JANUARY 22, 1991

*Thomas A. Potter*, for appellant.

*Mary B. Stallcup*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Associate Justice. In its petition for rehearing, the state does not take issue with this court's reversal of appellant's conviction of the delivery of cocaine count that allegedly occurred on August 18, 1989. However, it does argue that this court should have remanded that count for retrial rather than dismissing it. The state is correct, and therefore we modify our December 17, 1990 opinion to reflect a remand of that count.

This court has held that reversal for trial error will not preclude retrial. *Parker* v. *State*, 300 Ark. 360, 779 S.W.2d 156 (1989). More specifically, when a reviewing court determines

that a defendant's conviction must be set aside because certain evidence was erroneously admitted against him, the double jeopardy clause does not forbid his retrial so long as the sum of the evidence offered by the state and admitted by the trial court — whether erroneously or not — would have been sufficient to sustain a guilty verdict. *Lockhart* v. *Nelson*, 488 U.S. 33 (1988).

Here, the point requiring reversal was the trial court's erroneously admitting into evidence a chemical analysis report which did not conform to the requirements of Ark. Code Ann. § 12-12-313(d)(1) (Supp. 1989). This was clearly trial error. However, when considering the report and other evidence presented by the state, sufficient evidence existed to support the conviction or count in issue. Accordingly, we must reverse and remand that count for possible retrial.

Appellant also petitions for rehearing, but in doing so, merely reargues his earlier contention that Officer Crow's rebuttal testimony was both improper and prejudicial. Because his petition constitutes nothing more than reargument, we deny appellant's petition. *See* Ark. Sup. Ct. R. 20(g).

CORBIN and BROWN, JJ. not participating.