Mr. James T. Clark, Executive Director Arkansas State Crime Laboratory #3 Natural Resources Drive P.O. Box 5274 Little Rock, Arkansas 72215
Dear Mr. Clark:
This is in response to your request for an opinion regarding A.C.A. § 12-12-313. That statute provides that records and reports of evidence analysis of the State Crime Laboratory shall be received as evidence in court when duly attested to by the employee who performed the analysis. This statute thus allows the evidence to be admitted without the necessity of testimony of the analyst who made the report.
You note that in Nard v. State, 304 Ark. 159, S.W.2d (1990), the Arkansas Supreme Court held a particular attestation under this statute insufficient, and that this holding has created some confusion across the state as to what type of attestation will satisfy the statute. Toward rectifying this situation, you have presented a proposed form attestation and have asked our opinion as to whether it will meet the requirements of A.C.A. §12-12-313. The proposed attestation provides as follows:
 I, ______, do hereby attest, as required by Arkansas Code 12-12-313, that the information found in this report reflects a true and accurate analysis of the aforementioned items, performed by me at the Arkansas State Crime Laboratory.
Laboratory Analyst
Notary statement and seal
Notary signature
It is my opinion that this attestation should meet the requirements of A.C.A. 12-12-313. The court in Nard found the attestation insufficient in that instance because it contained merely the signature of the person who performed the analysis, and only a rubber stamp of the words "This is a True and Certified Report of the Analysis of the Indicated Sample" covered by a notary seal and signature. The court seemed to be concerned because it could not be determined that the person who had actually done the analysis in fact attested to its truthfulness. (The rubber stamped language could, presumably, have been added by another party.) The court expressed this concern as follows:
 Considering the major purposes of § 12-12-313, to allow hearsay reports under limited conditions, we feel confident that the General Assembly intended for the phrase `duly attested to' to require more than the mere signature of the person or chemist who performed the analysis, as was the situation here. Undoubtedly, some indicia of truthfulness must attend such a report's admissibility when it is introduced into a criminal proceeding as competent evidence. That assurance of truthfulness can best be given by the one who performed the tests and made the analysis as is provided by § 12-12-313 (d)(1).
304 Ark. at 162.
Because the proposed form attestation you attached requires the performer of the analysis to sign his name in two places attesting to the truthfulness of the analysis, it is my opinion that it will meet the requirements of the statute, as interpreted in Nard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb