The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request, on behalf of Greenbrier City Attorney William J. Velek, for an opinion regarding A.C.A. §12-12-313 and Opinion No. 91-116, previously issued by this office.
The statute in question provides that records of the Arkansas State Crime Laboratory shall be received into evidence in the courts of this state, subject to the applicable rules of criminal procedure, when attested to by the executive director or his assistants, associates, or deputies. This statute allows the introduction of the record into evidence without the necessity of the testimony of the analyst who made the record or report. See
Opinion No. 91-116, copy enclosed. The method of attestation used by the State Crime Laboratory prior to 1991 was called into question by the Arkansas Supreme Court's decision in Nard v.State, 304 Ark. 159, 801 S.W.2d 634 (1990). After that decision, the State Crime Laboratory Executive Director, James T. Clark, asked for the opinion of the Attorney General upon the use of a new "form" attestation, and whether it would satisfy the requirements of A.C.A. § 12-12-313 and the decision in Nard.
This office responded with Opinion No. 91-116, which approved the proposed "form" attestation. The form attestation which was approved in Opinion No. 91-116 is as follows:
 I, ____, do hereby attest, as required by Arkansas Code 12-12-313, that the information found in this report reflects a true and accurate analysis of the aforementioned items, performed by me at the Arkansas State Crime Laboratory.
 Laboratory Analyst
 Notary statement and seal
 Notary signature
The letter you have enclosed from Mr. Velek indicates that this form attestation was held insufficient in the City Court of Greenbrier, because the term "Laboratory Analyst" does not indicate that the report was made or attested to by one of the "assistants, associates, or deputies" of the executive director, as the statute seems to require. Because of this decision in Greenbrier, Mr. Velek indicates that he lost a "drug case" and will in the future have to subpoena Crime Lab personnel to testify in these cases. He did not appeal the decision. Mr. Velek instead wrote the Executive Director of the Arkansas Crime Laboratory, (James T. Clark) asking him to change the form attestation to satisfy the Greenbrier City Court's ruling. Mr. Clark declined to do so, relying on Opinion No. 90-116.
You now ask my opinion as to whether the "Laboratory Analyst" language of the form attestation should be changed to indicate that the person signing is an assistant, associate, or deputy of the executive director. It is my opinion that the form attestation approved in Opinion No. 90-116 is valid under Arkansas law. I realize that this is not the rule in the City Court of Greenbrier, but must point out that absent an appeal of this decision, it does not stand as precedent in other areas of the state, or require a change in the form attestation.
The language of the statute does refer in subsection (a) to an attestation by the "executive director or his assistants, associates, or deputies." A.C.A. § 12-12-313(a). The statute in other subsections, however, refers to the "analyst," A.C.A. §12-12-313 (c), and the "employee." A.C.A. § 12-12-313 (d)(1). It can be argued that the express language of the statute thus does not restrict the attestation to "assistants, associates, or deputies."
Additionally, a stronger argument is made in light of A.C.A §12-12-304, which is entitled "Executive Director," and provides in pertinent part as follows:
 (a) The State Crime Laboratory shall be headed by an executive director who shall be appointed by the Governor.
 (b) The executive director may delegate specific duties to competent and qualified associates, assistants, and deputies who may act for the executive director within the scope of the authority granted him. . . . [Emphasis added.]
The language about "assistants, associates, and deputies" in A.C.A. § 12-12-313 mirrors the language in the statute above with regard to whom the executive director may delegate duties. It is therefore my opinion that any person to whom the director delegates duties is an "assistant, associate, or deputy," regardless of whether their job title specifically so states.[1]
The appropriation act for the State Crime Laboratory (Act 1093 of 1991) indicates that only a few of the job titles contain the description "assistant, associate, or deputy." These are simply not the titles assigned, even though as a legal matter, under A.C.A. § 12-12-304, these are the functions that are being fulfilled by these employees.
The form attestation approved in Opinion No. 90-116 states that the analysis was "performed by me at the Arkansas State Crime Laboratory." This language indicates that the analysis was performed by an employee of the Laboratory who is exercising duties delegated by the Executive Director. In my opinion, this is sufficient to satisfy Arkansas law and Nard v. State,supra. Of course, the Executive Director of the Arkansas State Crime Laboratory is free to change the job titles of his employees and the form attestation to indicate that the attester is an "assistant, associate, or deputy," but in my opinion, he is not legally required to do so.
The applicable remedy for Mr. Velek in the Greenbrier City Court is to appeal the next decision of that court to this effect, or use alternate means to obtain admissible evidence in the cases affected.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The benefit of having one form attestation which uses the term "Laboratory Analyst" is that the form does not have to change with the particular job description of the analyst.