Justin SPRINGSTON *v.* STATE of Arkansas

95-1366                                                          936 S.W.2d 550

Supreme Court of Arkansas
Opinion delivered January 27, 1997

*Zurborg & Spaulding, P.A.,* by: *Brian L. Spaulding,* for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Justin Springston was charged in a delinquency petition with possession of marijuana. He moved to dismiss the charge, arguing that the State had failed to prove that the substance he possessed contained Tetrahydrocannabinol, otherwise known as THC. The judge denied the motion to dismiss and found the allegations in the juvenile petition to be true. Springston was sentenced to six months' probation, five days in juvenile detention (suspended), community service, and he had his driver's license suspended for one year. We affirm.

On October 27, 1994, the State filed its petition in Washington County Chancery Court. The proof at trial consisted of the testimony of Fayetteville High School Assistant Principal Lee Haight and the testimony of Vice-Principal David Hunt. Mr. Haight testified that on October 12, 1994, the Fayetteville Police Department brought drug-sniffing dogs into the school for a routine check of student lockers. One of the dogs stopped at Justin Springston's locker. The locker was opened and a bag containing a "green, leafy substance" was found. A pipe was also found. Vice-Principal Hunt testified that when Springston was called to the office and confronted, he admitted that the substance was his.

At the close of the testimonial evidence, the State and the defense presented a stipulated exhibit that had been prepared by a chemist, Dr. Howick. The stipulation contained Dr. Howick's findings regarding his testing of the substance found in Springston's locker. It read, in pertinent part, as follows:

> 1. Visual inspection of test indicated the substance characterists [*sic*] were consistent with marihauna [*sic*];
>
> 2. Chemical test yeilded [*sic*] results consistent with the presence of marihauna [*sic*];
>
> 3. Test results, when taken together, confirmed to the examiner the presence of marihauna [*sic*];
>
> 4. The presence or absence of THC could not be confirmed by the tests or by the examiner.

It is not clear from the record whether a test was actually administered for the purpose of determining the presence of THC; as best we can tell, no such test was performed.

Upon introduction of the stipulated exhibit, the State rested its case. Springston moved to dismiss on the basis that the State had not proven the presence of THC. The trial court ruled that no such proof was necessary. Springston was adjudicated a delinquent and sentenced. This appeal followed.

The controversy on appeal arises from the definition of marijuana contained in Ark. Code Ann. § 5-64-101(n) (Repl. 1993):

> "Marijuana" means all parts and any variety and/or species of the plant Cannabis that contains THC (Tetrahydrocannabinol) whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination.

The appellant contends that this statutory definition requires the State to prove the presence of THC in order to obtain a conviction for possession of marijuana. Notwithstanding that contention, we have held that lay testimony may provide substantial evidence of the identity of a controlled substance, even in the absence of expert chemical analysis. *Moser v. State*, 262 Ark. 329, 557 S.W.2d 385 (1977). See also *Blair v. State*, 16 Ark. App. 1, 696 S.W.2d 755 (1985); *Armstrong v. State*, 5 Ark. App. 96, 633 S.W.2d 51 (1982). In this case, we not only have the fact that the drug-sniffing dog stopped at Springston's locker and the fact that Springston admitted that the contraband substance was his, but we have an expert chemical analysis identifying the substance as marijuana, both by visual examination and chemical testing. It would be incongruous for us to say, as we did in *Moser*, that chemical analysis is not a necessity and then to say in this case that the chemical analysis was not thorough enough.

■ Given the findings of the chemist, along with the lay testimony, we hold that there was substantial evidence to support the juvenile adjudication for possession of marijuana.

Affirmed.